Marshall E. Livingston, J.
Defendant Gym Master Company has brought this motion for an order vacating the service of process upon it and dismissing the complaint against it, on the ground that the court does not have jurisdiction of its person.
Plaintiff, employed as a physical education teacher by the East Irondequoit Central School District, alleges that he was injured while using a set of “ still rings ”.
The “ still rings” had been ordered by Eastridge High School in East Rochester, New York, from defendant School Equipment, Inc. of Kenmore, New York. School Equipment, Inc. in turn ordered the “ still rings ” by catalog number from defendant Gym Master Company in Englewood, Colorado. Gym Master Company ordered the rings from Fenner Hamilton Corporation, which in turn ordered them from the manufacturer, defendant Narragansett Gymnasium Equipment Company, located in Moberly, Missouri. Narragansett then drop-shipped the “ still rings ” directly to Eastridge High School.
Plaintiff bases his claim of jurisdiction over Gym Master Company on CPLR 302 (subd. [a], par. 1), which provides:
‘ ‘ Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:
“ 1. transacts any business within the state ”.
In relying on CPLR 302 (subd. [a], par. 1), plaintiff argues that the factual situation with respect to Gym Master in this case fits the factual situation in Longines-Wittnauer v. Barnes & Reinecke (15 N Y 2d 443). In the Singer v. Walker part of that case, the plaintiff was injured by a defective geologist’s hammer. The hammer had been manufactured by an Illinois company, which had shipped the hammer to a dealer in New York. The hammer was purchased from the dealer in New York and given to the plaintiff, who was injured while using it *847 in Connecticut. The Court of Appeals found jurisdiction over the defendant manufacturer under CPLR 302 (subd. [a], par. 1), on the grounds that the manufacturer had “ shipped substantial quantities of its products into this State as the result of solicitation here through a local manufacturer’s representative and through catalogues and advertisements and that the injury-causing hammer, purchased from a New York dealer, was one of such products ” (15 N Y 2d 443, 466).
At the outset, it is clear that CPLR 302 (subd. [a], par. 1) does not automatically reach a nonresident who never comes into New York (as the undisputed facts show the case to be with regard to Gym Master), but who sells and sends goods into the State (Kramer v. Vogl, 17 N Y 2d 27). However, as the Singer case shows (15 N Y 2d 443, supra), the solicitation of business in New York by means of catalogs, advertisements, or other promotional material circulated here, when coupled with the shipment of goods into the State, will serve as a basis for jurisdiction under CPLR 302 (subd. [a], par. 1).
Plaintiff argues that Gym Master does solicit business in New York by means of catalogs circulated here. In support of this argument, two facts are relied on: (1) the “ still rings ” which caused plaintiff’s injury were ordered by School Equipment, Inc. from Gym Master by catalog number, and (2) in its moving papers, Gym Master states that “ School Equipment, Inc. does order by catalog number certain gymnasium equipment from Gym Master Co. by sending an order to our offices in Englewood, Colorado ”.
Plaintiff has not shown that the catalog used by School Equipment, Inc. was circulated in New York by defendant Gym Master. Neither has there been any showing that Gym Master circulated any other catalogs or promotional material within the State. Absent such a showing, this court cannot say that the activities of Gym Master come within the scope of CPLR 302 (subd. [a], par. 1).
The motion of defendant Gym Master Company is, therefore, granted.