**SAN JUAN HOTEL CORPORATION,**
**Plaintiff,**

v.

**Jacob LEFKOWITZ, Defendant.**

**Civ. 411–67.**

United States District Court
D. Puerto Rico.

Dec. 4, 1967.

González, Jr., González-Oliver & Novak, San Juan, P. R., for plaintiff.

Benicio Sánchez-Castaño, San Juan, P. R., for defendant.

## ORDER

CANCIO, Chief Judge.

This is a diversity action in which Plaintiff, a Puerto Rico corporation, seeks to recover $27,000.69 from the Defendant, a citizen of New York.

Plaintiff's claim results from credit which it extended to the Defendant at a hotel operated by the Plaintiff in Puerto Rico. Part of the claim ($1,000.69) represents unpaid bills for lodging, food and liquor, and the balance represents credit extended to the Defendant at the hotel's gambling Casino.

Process was served on the Defendant pursuant to Rule 4.7(b) of the Rules of Civil Procedure of Puerto Rico by serving the summons and complaint on the Secretary of State and mailing copies thereof to the Defendant in New York, by certified mail, return receipt requested.

The Defendant moved to dismiss the complaint on the ground that the Court lacks personal jurisdiction over him because (1) his activities within Puerto Rico were not "business transactions" within the meaning of Rule 4.7(a) (1) and, if they were, then (2) the statute is unconstitutional insofar as it applies to a natural person. We disagree with both of these contentions.

Rule 4.7 (Puerto Rico's "long-arm statute") like similar legislation recently enacted by many of the States, results from a continual affirmation of the law of extra-territorial jurisdiction effected by the United States Supreme Court, culminating in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). In *International Shoe*, the Court reformulated the test of due process governing the assertion of *in-personam* jurisdiction over non-residents by abandoning the former rigid tests of "residence", "presence" and "doing business," and substituting in their stead the flexible requirement that the Defendant need merely have certain minimum contact with the territory of the forum, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. In *McGee,* the Court went on to establish that a single act having its impact within the territory of the forum, could satisfy the "minimum contact" requirement laid down in *International Shoe.*

The landmark cases create new opportunities for the State to lengthen the reach of their Courts' jurisdiction. They have done so, both by new legislation, and by broad judicial interpretation of these new statutes. The Illinois legislature led the way in 1955, and many others, including that of Puerto Rico, soon followed; and like the courts of more states, the courts of the Commonwealth have gone on to construe their long-arm legislation as a "single act" statute, i. e., to expand the jurisdiction of the courts to the fullest extent permissible under the Constitution, limited only by the requirements of due process. In Executive Air Services, Inc. v. Beech Aircraft Corporation, 254 F.Supp. 415, at p. 417 (D.C.P.R. 1966), this Court stated as follows:

> "To obtain jurisdiction over a juridical person in the manner foreseen in Rule 4.7 of the Rules of Civil Procedure of Puerto Rico, it is enough that that person have the minimal contacts in Puerto Rico envisaged by the Supreme Court of the United States in International Shoe Co. v. State of Washington, (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and McGee v. International Life Insurance Co., (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223."

There can be little doubt that the Defendant's activities in Puerto Rico out of which this action arises were more than sufficient to satisfy the criterion of "minimum contacts" necessary to bring the Defendant within the reach of Rule 4.7. The Defendant voluntarily came to the Commonwealth, ran up a hotel bill for food, liquor and lodging, accepted credit here and executed instruments evidencing his indebtedness here. Compare these activities with those of the defendants in Talcott Inter-American Corp. v.

Hilton Motors Corp., Civil No. 66–3543, wherein the defendants, residents of Florida, had no contacts with the Commonwealth other than to execute an instrument in Florida guaranteeing some commercial transactions which were to be carried out by others in Puerto Rico. This single act, done in Florida, was held to have been sufficient contact with Puerto Rico to sustain service under Rule 4.7. If the *Talcott* defendants could be reached by our long-arm statute, although they did not come here personally, did not sign here the instruments out of which their obligation arose, and did not incur in primary obligations here to repay money, then surely this defendant, who has done all these things, should be made to answer in the Courts of the Commonwealth.

■ Having determined in *Executive Air Services* that Rule 4.7 is intended to be as broad as the Constitution permits, we must now decline Defendant's invitation to emasculate the statute by narrowly limiting the term "business transaction" to include only commercial transactions for profit. Courts of other jurisdictions have generally rejected this argument. See e. g. Kochenthal v. Kochental, Oct. 3, 1967, 28 A.D.2d 117, 282 N.Y.S.2d 36 (App.Div.2d Dept.); Van Wagenberg v. Van Wagenberg, 241 Md. 154, 215 A.2d 812 (1965). And in cases involving the enforcement of a debt, the loan transaction is considered a "transaction of business" without reference to the purpose for which the proceeds were advanced. Hamilton National Bank of Chattanooga v. Russell, 261 F.Supp. 145 (E.D.Tenn. 1966). Accordingly, we hold that a nonresident who accepts credit here "carries out business transactions within Puerto Rico" within the meaning of Rule 4.7(a)(1) of the Rules of Civil Procedure of Puerto Rico, whether or not such credit was accepted in connection with matters of a commercial nature.

■ The Defendant attempts to distinguish *International Shoe* and *McGee* on the ground that the defendants in each of those cases were corporations, rather than natural persons. This, we find to be a distinction without a difference. Where jurisdiction is based upon a defendant's activities within, or contacts with, the territory of the forum, we fail to see a logical reason why jurisdiction should not attach to a natural person as it would to a corporation ultimating identical activities within that territory. Other courts have applied the doctrine of *International Shoe* and *McGee* to natural persons as well as to corporations, without distinction. Sugg v. Hendrix, 142 F.2d 740 (5th Cir. 1944); Hamilton National Bank of Chattanooga v. Russell, supra; Snow v. Clark, 263 F.Supp. 66 (W.D.Va.1967); St. Clair v. Righter, 250 F.Supp. 148 (W.D.Va.1966); Mulhern v. Gerold, 116 F.Supp. 22 (D.C. Mass.1953); Golberg v. Dean, 200 F. Supp. 161 (W.D.Tenn.1961); American Cas. Co. v. Harrison, 96 Supp. 537, 551 (W.D.Ark.1951); Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (1957); Sunday v. Donovan, 16 Ill.App.2d 116, 147 N.E.2d 401 (1958); Lewis Mfg. Co. v. Superior Court, 140 Cal.App.2d 245, 295 P.2d 145 (1956); Wm. E. Strasser Construction Corp. v. Linn, 97 So.2d 458 (Fla.1957); State ex rel. Weber v. Register, 67 So.2d 619 (Fla.1953).

■ Although we need not reach this issue for the purpose of this decision, the Defendant's motion must be denied on another ground as well. It appears that the Defendant executed certain instruments called "Markers" to evidence his indebtedness in the gambling Casino. Each of these "Markers" bears a printed legend which provides that the borrower submits to the jurisdiction of the Courts of the Commonwealth and that the borrower consents to service of process on him by mail outside the territorial limits of the Commonwealth. There can be no doubt that such a submission and consent is effective to confer jurisdiction when service is made in the manner agreed to. National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed. 2d 354 (1964); National Equipment Rental, Ltd. v. Reagin, 338 F.2d 759 (2d Cir. 1964); Gilbert v. Burnstine, 255

N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453 (1931).

The motion to dismiss the complaint is therefore DENIED in all respects and defendant shall submit his answer within 20 days from the date of entry of this Order.