**LUCE & CO., S. en C., Plaintiff,**

v.

**ALIMENTOS BORINQUEÑOS, S. A. and Libby, McNeill & Libby, Defendants.**

**Civ. A. No. 612–67.**

United States District Court
D. Puerto Rico.
April 19, 1968.

Baragaño, Trias, Saldaña & Francis, San Juan, P. R., for plaintiff.

Fiddler, Gonzalez & Rodriguez, San Juan, P. R., for defendants.

## ORDER

CANCIO, Chief Judge.

This action was commenced in the Superior Court of Puerto Rico, Ponce Part, on August 29, 1967, by Luce & Co., S. en C. against Alimentos Borinqueños, S. A. and Libby, McNeill & Libby. On September 6, 1967 a petition for removal was filed by defendants in this Court wherein the cause is now pending.

On September 12, 1967 defendant Libby, McNeill & Libby (LIBBY hereinafter) filed a motion "to dismiss this action or, in lieu thereof, to quash the return of service of summons on the grounds (a) that the Defendant is a corporation or-

ganized under the laws of Maine and was not and is not subject to service of process in the Commonwealth of Puerto Rico, and (b) that the Defendant has not been properly served with process in this action * * *."

The Court heard oral argument by the parties and received written memoranda on the questions raised by the aforementioned motion. After due consideration of the respective contentions of the parties and the arguments in support thereof, the Court concludes that it should deny Libby's motion.

There is no controversy about the fact that service of process on defendant Libby was made in accordance with the provisions of Rule 4.7 of the Rules of Civil Procedure of Puerto Rico by serving the summons and the complaint on the Secretary of State of Puerto Rico and mailing copies thereof to defendant in Chicago, by certified mail, return receipt requested. Receipt by defendant of said documents is acknowledged by Robert D. O'Donnell, a Vice President of Libby, in an affidavit attached to the motion to dismiss.[1]

Rule 4.7, Puerto Rico's "long-arm statute", has been strictly complied with by plaintiff in this case. Nevertheless, at the hearing on this motion and in the memorandum filed with the Court, defendant insists that it is not subject to process in Puerto Rico, that is, that jurisdiction has not attached in this case against Libby because said corporation is not "doing business" in Puerto Rico. But the point is not well taken. This Court has had occasion to pass previously on this question and has repeatedly held that the issue, in the light of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed.2d 223 (1957), is not whether the non-resident upon whom jurisdiction is

---

1. Apparently service was also made personally on Eugene Prince, an officer of Productos Libby's International, Inc. For the purpose of the issue under Rule 4.7 of the Rules of Civil Procedure of Puerto Rico this may properly be considered surplusage. See infra, page 6.

asserted is "doing business" in the forum, but merely whether defendant has "certain minimum contact with the territory of the forum, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." San Juan Hotel Corporation v. Lefkowitz, D.C., 277 F.Supp. 28, 29 (1967).

Rules 4.7 provides as follows:

(a) Where the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall have personal jurisdiction over said nonresident as if he were a resident of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following:

(1) Such person or his agent carries out business transactions within Puerto Rico, or

(2) ...........................

(3) ...........................

(4) ...........................

(5) ...........................

Plaintiff, discharging its burden to meet the jurisdictional challenge, has tendered two contracts, originally attached to the complaint as exhibits, which have not been controverted by defendant Libby. The provisions of these contracts leave no cloud in the record that Libby's contacts with Puerto Rico are not minimal, but plentiful, specifically in relation to the subject being litigated in this case. In fact, in the memorandum submitted after the oral argument, LIBBY'S counsel does not deny plaintiff's argument that by the terms of those agreements LIBBY undertook to perform certain acts in Puerto Rico. "But the clear answer to these arguments—defendant contends— is that Libby had the option to carry out such undertakings through separate and distinct corporations."

The first of the two contracts introduced by plaintiff in opposition to defendant's motion to dismiss is an agreement between plaintiff and defendant LIBBY, entered into on September 22, 1961, by which the parties agreed to establish codefendant, Alimentos Borin-

queños, S. A. (Albosa) "for the manufacture in Puerto Rico of canned tomato products and canned reconstituted nectars." The contract recites, in its introductory clauses, that "it has been determined from an agricultural research program conducted by LIBBY in Puerto Rico on lands of LUCE that, through the application of LIBBY'S agricultural methods and techniques, tomatoes can be grown in Puerto Rico on a commercially sound basis." In consequence, it is further stated, "this determination having been made, LIBBY now desires to establish a cannery in Puerto Rico * * *"

The parties further agreed to establish a Delaware corporation (Albosa) to operate in Puerto Rico. LIBBY agreed to subscribe to 85% of the stock of Albosa and assumed responsibility for its further financing.

Furthermore LIBBY was to appoint four out of five directors of Albosa. It is provided that Albosa will reimburse LIBBY "for the compensation and living expenses of LIBBY employees while present in Puerto Rico and engaged in furnishing * * * advice and assistance" to Albosa. In fact, it is provided that "LIBBY shall be responsible for the management and operation of ALBOSA subject to the direction of the directors of ALBOSA."

LIBBY and ALBOSA also agreed that the latter would enter into an exclusive distributing agreement with "Productos Libby's, Inc.", a LIBBY subsidiary not a party to the contract. In other words, LIBBY thereby sought to assure to itself the Puerto Rican market, it being clear that said distributing clause was established for the benefit of LIBBY as the actual contracting party.

ALBOSA'S products, it was agreed in the contract, were to be marketed in Puerto Rico under LIBBY'S trademark and they have been so marketed as appears from Exhibit C of plaintiff's memorandum. LIBBY has not contended itself with the contract clause obliging Albosa to use the Libby trademark: it has made the trademark claim in Puerto Rico in the labels of products manufac-

tured and marketed in the Commonwealth.

LIBBY exacted from LUCE the obligation to enter into a tomato supply contract with ALBOSA, an obligation entered into directly with LIBBY and for its benefit and to be performed in Puerto Rico.

LIBBY received the right of first refusal on disposition of Albosa's shares by Luce and it also holds an option to liquidate ALBOSA whenever Albosa's tax exemption expires.

The price to be paid to Luce by Albosa for tomatoes grown in Puerto Rico is to be determined by reference to LIBBY'S average price in California.

Notice to Albosa, pursuant to the contract, can be given " 'care of' Libby, McNeill & Libby, Chicago, Illinois." LIBBY maintains a telephone listed in Puerto Rico with counter reference to "Productos Libbey's".

▌ The Court entertains no doubt, from reading the contracts and other exhibits by plaintiff, that LIBBY has been directly carrying out "business transactions" in Puerto Rico within the meaning of Rule 4.7 of the Rules of Civil Procedure of Puerto Rico, a test which satisfies the Constitutional requisites of due process. San Juan Hotel Corp. v. Lefkowitz supra; Executive Air Services, Inc. v. Beech Aircraft Corp., D.C., 254 F. Supp. 415 (1966).

The only argument tendered by LIBBY is that it is not transacting business in Puerto Rico because it "undertook to perform its obligation through a subsidiary (Productos Libby) and an affiliate (Albosa) * * *"[2] Assuming this to be correct (the contracts themselves, as shown above, imply many direct contacts on the part of LIBBY with the forum)

the simple answer is that Rule 4.7(a) (1) authorizes substitute service upon a defendant when "Such person *or his agent* carries out business transactions within Puerto Rico." (Our emphasis). So, the Court still finds that, even under LIBBY'S assumption, it is subject to service of process under Rule 4.7 because it is transacting business in Puerto Rico, *admittedly*, through an "agent". It is immaterial that the "agent" is in any way related to LIBBY, as principal. The decisive factor is that LIBBY admits that it is actually performing all contractual obligations tying it with Puerto Rico, albeit through an agent.

▌ LIBBY'S further contention is that service of process in its case was defective because an order limiting its time to answer, pursuant to Rule 10.1 of Rules of Civil Procedure of Puerto Rico was not obtained by plaintiff. This contention is without merit.

It is a matter of the record and *it is not denied* that in addition to serving process on Mr. Eugene Price (agent for Productos Libby's, a LIBBY subsidiary in Puerto Rico) plaintiff also served copy of the complaint and summons on the Secretary of State of Puerto Rico and counsel for plaintiff sent by registered mail, return receipt requested, copy of said documents to Libby, McNeill and Libby to its address in Chicago (the affidavit of Mr. O'Donnell, paragraph 3, so admits). This full compliance with Rule 4.7 is not denied by defendant.

Service on Productos Libby's was a mere surplusage and it is completely irrelevant. The fact stands clear that service was made in accordance with the provisions of Rule 4.7 which, by itself, requires only that "a copy of the summons and of the complaint shall be served upon

2. Paragraph 15 of the contract between LIBBY and LUCE creating Albosa (contract of September 26, 1961) provides: "Any act covenanted to be performed or that may be performed by one of the parties under this agreement may, at its option, be performed by an affiliate of such party." This refers to LIBBY, the defendant herein, unlike a contract offered in evidence by defendant of September 17, 1959 which refers to another corporation not a party to this suit.

the Secretary of State or upon his designee and the plaintiff shall forthwith send to the defendant a copy of those documents by registered mail with return receipt. Any judicial step so taken shall have the same legal force and effect as a personal service."

These requisites were strictly complied with—without denial on defendant's part—and the service of process so made had the same legal force and effect as personal service of process on LIBBY.

 LIBBY'S argument with reference to Rule 10.1 is groundless. Said Rule merely governs the limitation of defendant's time to answer. It does not govern the validity of Rule 4.7 service of process; it rather assumes a valid service under Rule 4.7 when it provides: "if service of process is made pursuant to Rule 4.7, the defendant shall serve an answer within a reasonable time fixed by the court, which shall not be less than 30 days after the mailing, by registered mail, of a copy of the summons and of the complaint."

Thus, Rule 10.1 includes a mere reference to Rule 4.7 but has to do only with time to answer, an academic issue at present in LIBBY'S case: LIBBY elected to file a motion to dismiss in this court and that, by itself, suspends the time to answer until "10 days after notice of the court's action" on said motion. *Rule 12(a) of the Federal Rules of Civil Procedure.* In fact, since the moment this case was removed to this court the time to answer is a subject governed directly by the Federal Rules and not by Rule 10.1 of the local rules. *Rule 81(c) of Federal Rules of Civil Procedure.* In consequence, not even the issue of time to answer can be raised by defendant before this Court on the basis of Rule 10.1 of the Rules of Civil Procedure of Puerto Rico. That question, which would be relevant only in opposition to plaintiff's attempt to hold defendant in default, was completely mooted by defendant's motion to dismiss. It can never support a ruling quashing service of process made strictly in accordance with the requirements of Rule 4.7. Time to answer has nothing to do with the validity of process.

For the reasons above stated it is

Ordered that the motion by defendant Libby, McNeill & Libby, dated September 12, 1967, to dismiss this action or, in lieu thereof, to quash the return of service of summons, is hereby denied.