**CREDITO E INVERSIONES DE SAN MIGUEL, INC., Plaintiff,**

v.

**The B. F. GOODRICH COMPANY, Defendant.**

**Civ. No. 67–68.**

United States District Court
D. Puerto Rico.

Sept. 25, 1968.

Wilson F. Colberg, San Juan, P. R., for plaintiff.

John F. Malley, Old San Juan, P. R., for defendant.

### ORDER

FERNANDEZ-BADILLO, District Judge.

The complaint of caption was originally filed at the Superior Court of Puerto Rico, San Juan Section, and on 26 January, 1968 defendant requested the removal to this Court on the grounds of diversity of citizenship and of the amount in controversy. Summons had been served on January 12, 1968 on Mr. Clinton H. Potter, General Manager of The International B. F. Goodrich Corporation, a wholly owned subsidiary of The B. F. Goodrich Co., the latter with principal offices at Akron, Ohio.

On February 23, 1968 defendant The B. F. Goodrich Company then filed with this Court a Motion to Dismiss or in lieu thereof to quash the return of service of summons on the grounds that defendant had not been properly served with process, and was not subject to either the jurisdiction of the Superior Court of Puerto Rico or that of the United States District Court for Puerto Rico, therefore not being subject to service of process within the Commonwealth of Puerto Rico.

On 29 February, 1968 plaintiff filed a motion requesting this Court to permit it to effect service of process on The B. F. Goodrich Co. under Rule 4.7 of the Rules of Civil Procedure of Puerto Rico. This we permitted by order of March 14, 1968.

Subsequently, on 3 May, 1968 defendant filed Motion to Dismiss for lack of jurisdiction on the grounds that it has not had the minimum contact with Puerto Rico required under the *International Shoe* doctrine,[1] and even if that doctrine could be extended to include the facts in this case without violating the Due Process Clause, Rule 4.7(a) (1) does not apply to a single isolated transaction. We disagree with defendant on both grounds alleged.

Looking back over the long history of litigation and the process of evolution of the Due Process Clause of the Fourteenth Amendment placing some limit on the powers of state courts to enter binding judgments against persons not served with process within their boundaries, a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents. See: McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, and cases cited thereunder including the discussion therein on the *International Shoe* case. In *McGee* defendant had never had an agent or office in California and had never solicited or done any insurance business in California apart from the insurance policy involved there. However, it was determined that the Due Process Clause did not preclude a California court from entering a judgment binding on respondent, it being sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State. The contract was delivered in California, the premiums were mailed from there to Texas, and the insured was a resident of California when he died. California, therefore, had a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims. Those residents would be at a severe disadvantage if they were forced to follow the insurance company to another state in order to hold it legally accountable. The possible inconvenience to the insurer by holding it amenable to suit in California where it had its con-

1. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

tract, was not considered to amount to a denial of due process, since respondent had adequate notice of the suit and sufficient time to present its defenses and appear.

■ Likewise, in the case of caption, there have been sufficient minimum contacts with the Commonwealth of Puerto Rico. The terms of the lease agreement giving rise to this action were negotiated in Puerto Rico by the General Manager of defendant's wholly owned subsidiary here and upon its signature in Ohio those acts were ratified. Defendant was to enjoy property within the jurisdiction of the Commonwealth of Puerto Rico under an agreement by means of which certain improvements were to be performed as required for the enjoyment of the leased premises by defendant. Once the agreement was signed in Ohio it was mailed to plaintiff in Puerto Rico where it was then signed by plaintiff, thus having become perfected in Puerto Rico. The agreement involved here, therefore, has substantial connection with Puerto Rico and there is a great public interest involved here, as there was in *McGee*, in that defendant, having engaged in economic activity with substantial connection with Puerto Rico, can not now consider itself judgment proof under the laws of Puerto Rico. There is no denial of due process in that defendant may find it burdensome defending itself in Puerto Rico where it engaged in economic activity since it has had adequate notice of the suit and sufficient time to prepare its defenses and appear. We hereby determine that defendant has had the minimum contact with Puerto Rico required under the *International Shoe* doctrine and under the *McGee* case to make it subject to defend itself here in a cause of action arising precisely upon an agreement having substantial connection with Puerto Rico. And we furthermore find that making defendant subject to this jurisdiction does not violate the Due Process Clause.

■ We further determine that Rule 4.7(a) (1) applies to a single isolated transaction. This has already been decided in Martinez v. Karageorgis (1964) D.C., 235 F.Supp. 1012. In *Martinez*, Rule 4.7 is given a reasonable construction and is determined to reach those who occasionally or incidentally do business in Puerto Rico. The Puerto Rico statute Rule 4.7(a) (1) requires "business transactions". Defendant contends that the use of the plural was intentional. This is groundless and without legal basis. The use of the plural includes the singular. A close examination of the statute and the purposes of its enactment disclose that the Legislature could not have had in mind and was not actually providing confusing norms or standards in numerical terms. There is no reason to consider under any particular light the use of singular or plural standards within Rule 4.7. The fact that a particular section of a remedial procedural law like Rule 4.7 is so broad in one of its parts that a subsequent section becomes repetitive is not in itself a valid argument to defeat the broad jurisdictional scope of this section. See: Coletti v. Ovaltine Food Products (1967), D.C., 274 F.Supp. 719. Like here "Business transactions" encompasses an act which arises out of the omission to comply with an existing agreement. See also Compañia De Astral S.A. v. Boston Metals Co. (1954) 205 Md. 237, 107 A.2d 357, 108 A.2d 372, 49 A.L.R.2d 646, in which a single isolated transaction was held sufficient to confer jurisdiction over a foreign corporation where a cause of action arises from such single act. In *Astral*, jurisdiction was sustained based on a single contract. Defendant argues that if Rule 4.7(a) (1) were construed so as to include a single business transaction there would be no need for (a) (4), since any occasional or incidental business done in Puerto Rico by a nonresident transportation company would necessarily be a "business transaction" within the scope of (a) (1). We have already determined that a subsequent repetitive section is not in itself a valid argument to defeat the broad jurisdictional scope of Rule 4.7. In conclusion it appears that all the minimal contacts

and that all the indicia of control required to submit the defendant to jurisdiction under the *International Shoe* and *McGee* doctrines are present, and that such jurisdiction over defendant in this case does not violate the Due Process Clause. See: La Electrónica, Inc. v. Electric Storage Battery Co. (1966) D. C., 260 F.Supp. 915.

Defendant's Motion to Dismiss of 3 May, 1968 is hereby denied in its entirety and defendant is granted a period of ten (10) days from the date of notice of this Order to file its responsive pleading.