ARTHUR H. THOMAS COMPANY, Petitioner, v. SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, HÉCTOR RUIZ SOMOHANO, JUDGE, Respondent; UNIVERSITY OF PUERTO RICO and FEDERAL INSURANCE CO., Interveners.

No. O-69-183.        Decided March 24, 1970.

*Juan Enrique Géigel, Guillermo Silva, Hernán E. Pesquera,* and *Ernesto Rodríguez Font* for petitioner. *Francisco Ponsa Feliú, Wilson F. Colberg,* and *Miguel A. Valdejully* for interveners.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

While the young girl Nilda Iris Rodríguez was conducting laboratory experiments for her inorganic chemistry course in the College of Agricultural and Mechanical Arts in Mayagüez, one of the campuses of the University of Puerto Rico, she suffered an accident when a glass tube broke and cut the tendons of the little finger of her right hand. Therefore, she brought a claim for damages against the University of Puerto Rico and its insurer, Federal Insurance Company.

The issue thus joined since the defendants had filed their answer—the facts set forth in the complaint were denied and as special defense it was alleged that the accident was exclusively due to the injured person's carelessness—a third-party complaint was filed against Arthur H. Thomas Company, in which it was alleged that the glass tube had been bought by the University from said third-party defendant, and that if there was any liability, the accident had been caused by defects in the manufacturing, or by the improper manufacture of said instrument. It was prayed that judgment be rendered against Arthur H. Thomas Company, ordering the latter to pay to defendants any amount which the latter, or any of them, would be liable to pay to plaintiff. Summons was issued addressed to the "Secretary of State, San Juan, P.R.; Arthur H. Thomas Company, P.O. Box 779, Philadelphia, Pennsylvania." It was served upon said officer by a private person "pursuant to Rule 4.7 of the Rules of Civil Procedure." Furthermore, defendants' attorney sent a copy of the third-party complaint and of the summons served to the third-party defendant, to the aforesaid post-office address, by certified mail, with return receipt.

The third-party defendant appeared of record moving for the dismissal of the third-party complaint for lack of jurisdiction. It alleged, among other things, that it is a corporation organized under the laws of the State of Pennsylvania, its principal office being established on Vine Street, on the corner

with Third Street in the City of Philadelphia; that it has never carried out, by itself or through any agent, any business transaction within Puerto Rico, nor has offices in the Island, nor has designated or has had any agent to represent it locally; that it has not performed, by itself or through any agent, any act within Puerto Rico generating civil liability; and finally, that it does not own or possess any real property in Puerto Rico. To substantiate these facts it attached a sworn statement signed by its Vice-president and General Manager, E. B. Patterson.[1]

The corresponding hearing having been set, the defendants and third-party plaintiffs offered in evidence (a) a purchase requisition in which, after describing the merchandise ordered—laboratory equipment and instruments, including glass tubes—it is identified as follows: *"Catalog 61—* Arthur H. Thomas Co., P.O. Box 779, Philadelphia 5," and they insert: "Supplies can be obtained from . . . ~~Through~~ [this appears struck out] at H. V. Grosch Co.—San Juan, P.R.";

---

[1] The English text of the sworn statement states:

"2. Arthur H. Thomas Company has been and still is a citizen and resident of the State of Pennsylvania.

"3. Arthur H. Thomas Company has neither applied for nor obtained a license to do business in the Commonwealth of Puerto Rico.

"4. Arthur H. Thomas Company has, at no time material to this case, either directly or through any agent or representative, conducted or carried out business in the Commonwealth of Puerto Rico; is not at present transacting any business in said Commonwealth; has, at no time material to this case, maintained any office or place of business therein; and has never, during such time, maintained or had an agent in the Commonwealth of Puerto Rico for the transaction of business.

"5. Arthur H. Thomas Company does not own or use, by itself or through any agent, real property located in Puerto Rico, and has, at no time material to this case, used or owned, either directly or through any agent, any real property located therein.

"6. Arthur H. Thomas Company has not executed by itself or through any agent any tortious act within the Commonwealth of Puerto Rico; has not consented to, or agreed in writing or otherwise, to be served with legal process in the Commonwealth of Puerto Rico; and has never voluntarily submitted itself to the jurisdiction of the courts of the Commonwealth of Puerto Rico."

and (b) a purchase order of merchandise addressed to H. V. Grosch Co., San Juan, Puerto Rico, as vendor, which contains the same identification, "Catalog 61—Arthur H. Thomas Co., P.O. Box 779, Philadelphia 5."

The trial court denied the motion to dismiss on the ground that the evidence admitted, which has already been recited, "establishes at least a minimum contact or relation of business transactions of the aforementioned third-party defendant within Puerto Rico." We agreed to review this order.

1. The applicable law is contained in Rule 4.7 of the Rules of Civil Procedure, as amended by Act No. 105 of June 28, 1965 (Sess. Laws, p. 277),[2] which, insofar as pertinent, provides, with respect to substitute service, that:

"(a) Where the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall have personal jurisdiction over said nonresident as if he were a resi-

---

[2] Although the principal objective of the approval of Act No. 105 of 1965, *supra*, was to facilitate the service of summons upon the defendant in suits brought under Act No. 75 of June 24, 1964, 10 L.P.R.A. §§ 278 to 278d, concerning the termination of dealer's contracts, it was acknowledged that its scope was of general application "to incorporate to our procedural law the modern tendency which is to extend the jurisdiction of the state courts over nonresidents in the forum." Journal of Proceedings 1784 (1965).

It appears from the report of the committees which considered the measure, that the amendment was based on the laws of the State of New York. See CPLR § 302, 7B McKinney's Consolidated Laws of New York, at p. 427.

It would be advisable to consider the convenience of adopting the text of § 1.3 of the Uniform Interstate Procedure Act, which extends the *in personam* jurisdiction to the following cases:

"(1) transacting any business in this state;

"(2) contracting to supply services or things in this state;

"(3) causing tortious injury by an act or omission in this state;

"(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; [or]

"(5) having an interest in, using, or possessing real property in this state; or

"(6) contracting to insure any person, property, or risk located within this state at the time of contracting."

dent of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following:

"(1) Such person or his agent carries out business transactions within Puerto Rico; or

"(2) Executes by himself or through his agent, tortious acts within Puerto Rico; or

"(3) . . . . . . . . . .

"(4) . . . . . . . . . .

"(5) . . . . . . . . . .

"(b) In such cases it shall be incontrovertibly presumed that the defendant has designated the Secretary of State of Puerto Rico as his agent and he shall signify his consent so that the former may receive service of summons, complaints, and judicial notices, and to such effect a copy of the summons and of the complaint shall be served upon the Secretary of State or upon his designee, and the plaintiff shall forthwith send to the defendant a copy of those documents by registered mail with return receipt. Any judicial step so taken shall have the same legal force and effect as a personal service."

■ We must decide right away that, in the absence of the necessary evidence, H. V. Grosch Co. cannot be considered as third-party defendant's agent, cf. *United F. M. Co., Inc.* v. *Superior Court*, 96 P.R.R. 353 (1968), and that the propriety of substitute service must depend exclusively on the fact that it be established that the latter carries out or has carried out business transactions within Puerto Rico, since its liability by virtue of the third-party complaint is not derived from the commission on its part of a tortious act in this jurisdiction, see, *Vélez* v. *Halco Sales, Inc.*, 97 P.R.R. 426 (1969), and cases cited therein.

2. The extent and complexity of the business relations, the progress in the means of communication and transportation, the increasing mercantile relations between the states, and other similar factors, have rendered obsolete the literal construction of the well-known dictum of Justice Holmes, in *McDonald* v. *Mabee*, 243 U.S. 90, 91 (1917), to the effect that "The foundation of jurisdiction is physical power." As Moore

indicates,[3] the rigid notion that physical power and territorial sovereignty were the sole determinants of the *in personam* jurisdiction has been deserted, as well as certain juridical fictions adopted to mitigate its rigor, which subjected it to the "consent" to be sued—see § 1404 of the General Corporation Law, 14 L.P.R.A. § 2404—or to the "presence" in the state. *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945), establishes the prevailing rule, reconciling it to the due process requirements, in determining that a judgment *in personam* against a nonresident is proper when the latter has had certain "minimum contacts" with the forum, so that the maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.' " See, also, *Travelers Health Assn.* v. *Virginia,* 339 U.S. 643 (1950); *Perkins* v. *Benguet Consol. Min. Co.,* 342 U.S. 437 (1952); *McGee* v. *International Life Ins. Co.,* 355 U.S. 220 (1957); *Hanson* v. *Denckla,* 357 U.S. 235 (1958).[4]

■ However, even under the doctrine of minimum contacts, it is required that the contact within the forum be the result of a *purposeful act* on the part of defendant, *Hanson* v. *Denckla,* 357 U.S. 235 (1958), where it was stated at p. 253: "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State . . . it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Cf. Bowman* v. *Curt G. Joa, Inc.,* 361 F.2d 706 (4th Cir. 1966); *Tyee Const. Co.* v. *Dulien Steel Products, Inc., of Wash.,* 381 P.2d 245 (Wash. 1963). In general, see the annotations with respect to jurisdiction

---

[3] 2 Federal Practice, § 4.25 *et seq.*

[4] We have already adopted the doctrine of the dominant contacts in the area of conflict of laws on damages. *Widow of Fornaris* v. *Amer. Surety Co. of N.Y.,* 93 P.R.R. 28 (1966).

over nonresidents in 27 A.L.R.3d 397 (1969); 20 A.L.R.3d 1201 (1968); 2 L.Ed.2d 1664 (1958) and notes in 51 Cornell L.Q. 377 (1966) and 66 Colum. L. Rev. 199 (1966).

Three rules have been elaborated—derived from the joint interpretation of the opinions rendered in the *International Shoe*, *McGee*, and *Hanson* cases, *supra*—to determine the *in personam* jurisdiction over a nonresident, 47 Geo. L.J. 342, 351–352 (1958),[4a] to wit:

"(1) The nonresident defendant must do some act or consummate some transaction within the forum. It is not necessary that defendant's agent be physically within the forum, for this act or transaction may be by mail only. A single event will suffice if its effects within the state are substantial enough to qualify under Rule Three.

"(2) The cause of action must be one which arises out of, or results from, the activities of the defendant within the forum. It is conceivable that the actual cause of action might come to fruition in another state, but because of the activities of defendant in the forum state there would still be a 'substantial minimum contact.'

"(3) Having established by Rules One and Two a minimum contact between the defendant and the state, the assumption of jurisdiction based upon such contact must be consonant with the due process tenets of 'fair play' and 'substantial justice.' If this test is fulfilled, there exists a 'substantial minimum contact' between the forum and the defendant. The reasonableness of subjecting the defendant to jurisdiction under this rule is frequently tested by standards analogous to those of *forum non conveniens*."

Even under the most embracing construction,[5] the evidence offered by the third-party plaintiff is not sufficient

---

[4a] Cited with the approval in *L. D. Reeder Contractors of Ariz.* v. *Higgins Industries*, 265 F.2d 768 (9th Cir. 1959) and *Kourkene* v. *American BBR, Inc.*, 313 F.2d 769 (9th Cir. 1963).

[5] Prior to this case we only had available locally the construction given by the United States District Court for Puerto Rico to our Rule 4.7, which shows the extent of the *in personam* jurisdiction to all such cases where it is constitutionally permissible. *Schering Transamerica Corporation* v.

to establish the minimum contacts required for the purpose of acquiring *in personam* jurisdiction. The first document, a purchase requisition, is a unilateral act of the employees of the University of Puerto Rico; the second, is the purchase order in accordance with the requisition, which is clearly addressed to H. V. Grosch Co., and not to Arthur H. Thomas Company, and the only reference to the latter is rather one of identification of the items ordered. These facts, by themselves, do not show the "manifest act" referred to in *Hanson* v. *Denckla, supra.* We are not deciding that the solicitation of business by means of the circulation of catalogues and price lists did not produce the minimum contact;[6] only that in the present case the evidence offered does not even establish a minimum contact with our forum.

The orders entered by the Superior Court, San Juan Part, on April 25 and June 30, 1969, shall be set aside, and the motion to dismiss for lack of jurisdiction filed by Arthur H. Thomas Company will be granted.

Mr. Chief Justice Negrón Fernández and Mr. Justice Hernández Matos did not participate herein.

---

*Torres-Canet,* 290 F.Supp. 362 (1968). *Crédito e Inversiones de San Miguel, Inc.* v. *B. F. Goodrich Co.,* 289 F.Supp. 854 (1968); *Luce & Co., S. en C.* v. *Alimentos Borinqueños, S.A.,* 283 F.Supp. 81 (1968); *San Juan Hotel Corporation* v. *Lefkowitz,* 277 F.Supp. 28 (1967); *Coletti* v. *Ovaltine Food Products,* 274 F.Supp. 719 (1967); *La Electrónica, Inc.* v. *Electric Storage Battery Co.,* 260 F.Supp. 915 (1966); *Executive Air Services, Inc.* v. *Beech Aircraft Corporation,* 254 F.Supp. 415 (1966).

[6] See, *General Motors Acceptance Corp.* v. *Richardson,* 300 N.Y.S.2d 757 (1969); *Maggio* v. *Gym Master Company,* 283 N.Y.S.2d 436 (1967).