**RAMON VELA, INC., Plaintiff,**

v.

**SAGNER, INC., Defendant.**

Civ. No. 74–582.

United States District Court,
D. Puerto Rico.

Sept. 5, 1974.

Nachman, Feldstein & Gelpí, San Juan, P.R., for plaintiff.

Baker & Woods, Santurce, P.R., for defendant.

## OPINION AND ORDER

PESQUERA, District Judge.

Defendant moves pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of jurisdiction of the person. The complaint alleges breach of a contract, negotiated in Puerto Rico, between plaintiff, a citizen of Puerto Rico, and defendant, a citizen of Maryland. Service was effected pursuant to Rule 4.7 of the Rules of Civil Procedure for the General Court of Justice of the Commonwealth of Puerto Rico, 32 LPRA, App. II, R. 4.7. Affidavits and briefs have been submitted by the parties. Defendant's request for oral argument of this motion is denied, in the Court's discretion, pursuant to Rule 8-H of the Rules of this Court.

Defendant contends that it does not have the minimum contacts with Puerto Rico required for a constitutional exercise of jurisdiction over it. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Defendant starts with the premise that "it is judicially settled that the definition of the term 'transacting business' can be equated with the 'minimum contacts' test. . . .". No authority is cited for this proposition. Whatever its validity, in applying a rule of this forum, this Court must look to the interpretative decisions of the forum, and defendant so admits. Those decisions include not only those of the courts of the Commonwealth of Puerto Rico, but of this Court as well.

Childers v. Southern Farm Bureau Casualty Insurance Co., 282 F.Supp. 866 (E.D.Ark.1968). This is particularly appropriate where, as here, the highest state court has had an opportunity to review the decisions of this Court and has not disapproved them. Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945); Tennessee Enamel Mfg. Co. v. Stoves, Inc., 192 F.2d 863 (CA 6, 1951).

■■ Rule 4.7 of the Commonwealth rules has been considered in a number of cases, and in one case by the Supreme Court of Puerto Rico. The rule was intended to expand the thrust of Puerto Rico's jurisdiction to its full constitutional limit. Executive Air Services, Inc. v. Beech Aircraft Corporation, 254 F.Supp. 415 (DPR 1966); La Electronica, Inc. v. Electric Storage Battery Co., 260 F.Supp. 915 (DPR 1966); San Juan Hotel Corporation v. Lefkowitz, 277 F. Supp. 28 (DPR 1967). A single act is sufficient to sustain jurisdiction if the required substantiality is present. San Juan Hotel Corporation v. Lefkowitz, supra; Crédito E. Inversiones De San Miguel, Inc., v. B. F. Goodrich Co., 289 F.Supp. 854 (DPR 1968).

■■ The minimum contact test in this jurisdiction may not be equated with the requirements for a determination that the defendant is "doing business" in this forum. Luce & Co. S. en C. v. Alimentos Borinqueños, S.A., 283 F.Supp. 81 (D.P.R. 1968). The interpretation of that phrase itself depends upon the legal purpose of the statute. Green v. Robertshaw-Fulton Controls Company, 29 F.R.D. 490 (S.D.Ind.1962). The unilateral breach of a business contract, which in itself constitutes a business transaction, is sufficient grounds for personal jurisdiction under Rule 4.7. Coletti v. Ovaltine Food Products, 274 F.Supp. 719 (D.P.R. 1967).

■ Defendant herein relies on cases interpreting the corresponding statute of New York. It appears from the report of the legislative committees which considered the measure that became Rule 4.7 upon enactment that the rule was based on the laws of the State of New York. A. H. Thomas Co. v. Superior Court, 98 PRR 864 (1970). We are cited to no decision of the highest court of New York interpreting the prototype of the adopted statute prior to the adoption. Decisions rendered in the original jurisdiction after the adoption have no controlling effect on the adopting jurisdiction. Anderson v. United States, 157 F.2d 429 (CA9, 1946); Cain v. Bowlby, 114 F.2d 519 (CA10, 1940), certiorari denied, 311 U.S. 710, 61 S.Ct. 319, 85 L.Ed. 462 (1940). A court must follow its own decisions construing an adopted statute, notwithstanding that they differ from decisions of the courts of the originating jurisdiction. Coombes v. Getz, 217 Cal. 320, 18 P.2d 939 (1933).

■ Even were this Court to follow the cases relied upon by defendant, the result would be to sustain jurisdiction in this action. Agrashell, Inc. v. Bernard Sirotta Company, 344 F.2d 583 (CA 2, 1965), is distinguishable on the facts since there was no personal negotiation of a contract in the forum state, as is here alleged. It was there acknowledged that in such personal negotiation the representatives of a foreign corporation are protected by the laws of the forum state in a direct physical sense. 344 F. 2d at 587–588. This Court has previously said that to make and negotiate a contract is to "transact business" within the meaning of the statute. Schering Transamerica Corporation v. Torres-Canet, 290 F.Supp. 362 (D.P.R.1968).

■ In A. H. Thomas v. Superior Court, supra, the Supreme Court of Puerto Rico addressed the question of the reach of Rule 4.7. The holding was that the evidence was insufficient to establish the minimum contacts with Puerto Rico required to find jurisdiction over the third party defendant. The significance of the case for present purposes lies in its apparent agreement with prior decisions of this Court interpreting Rule 4.7. In a footnote to the opinion, the late Justice Blanco-Lugo cites the prior cases in this Court and states that they "show(s) the extent of

the *in personam* jurisdiction to all such cases where it is constitutionally permissible". If those cases extended jurisdiction beyond the limits of the rule as interpreted by the Supreme Court, the opportunity was presented to restrict the ambit of the rule. Instead, the Supreme Court cited with apparent approval three norms posited in 47 Geo.L.J. 342, 351–352 (1958). The decisions of this Court fall within the bounds of those norms, which, contrary to Agrashell, Inc. v. Bernard Sirotta Company, supra, would permit assumption of jurisdiction although the act or transaction within the forum state was effected by mail only. As noted above, the present case arises out of a transaction effected through physical presence of defendant's representatives in Puerto Rico.

The facts set forth in the affidavit submitted by plaintiff are sufficient for a finding of "doing business", were that finding necessary here. Those facts show frequent visits to Puerto Rico by defendant's officers during many years; substantial economic activity by defendant in the Commonwealth for a prolonged period of time; the public representation in the market that defendant maintained a sales office here; utilization of the courts of the Commonwealth of Puerto Rico to effect collection of an account; and transactions in Puerto Rico which consist of acquiring merchandise from a manufacturer in Puerto Rico and its delivery directly to customers in Puerto Rico. But "doing business" is no longer the standard. Luce & Co. S. en C. v. Alimentos Borinqueños, S.A., supra. Defendant negotiated the agreement on which this action is based in Puerto Rico through the physical presence of an officer here. That is sufficient. The unilateral breach of the agreement, as alleged, is also sufficient. Coletti v. Ovaltine Food Products, supra.

For the foregoing reasons, defendant's motion to dismiss is denied, and defendant is ordered to answer the complaint within 10 days after entry of this Order.

It is so ordered.