**SAN JUAN HOTEL CORPORATION,**
Plaintiff,

v.

**Bertram Ira GREENBERG a/k/a Bob Greenberg, a/k/a Robert Greenberg, Defendant.**

**No. CV 80 437.**

United States District Court,
E. D. New York.

June 6, 1980.

Daniel Schiffman, New York City, for plaintiff.

Leonard M. Simon, P. C., New York City, for defendant.

BRAMWELL, District Judge.

Since the early 1970s, acts engaged in by Bertram Ira Greenberg during a stay in a Puerto Rico hotel and casino have been the source of an endless stream of litigation. Cases evolving from Mr. Greenberg's Puerto Rican escapades have been instituted in state and federal forums, and in both New

York and Puerto Rico courts. This action is the latest addition to the cases inspired by Mr. Greenberg.

With this action, the plaintiff San Juan Hotel Corp. asks this Court to give full faith and credit to a judgment entered in the Superior Court of Puerto Rico on December 18, 1978. The judgment found Mr. Greenberg liable to the hotel for $7500 in gambling debts plus attorneys fees in the amount of $2500 and interest at the annual rate of 6%. The interest was to run from April 1, 1970. The hotel has moved for summary judgment in this action.

At an earlier stage of this proceeding, Mr. Greenberg reacted to the hotel's institution of this action by moving, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the hotel's action for lack of subject matter jurisdiction. Before this Court addresses the hotel's summary judgment motion, it will assess the validity of Mr. Greenberg's Rule 12(b) motion.

Mr. Greenberg's motion to dismiss is grounded on the contention that this action does not meet the $10,000 amount in controversy requirement necessary to sustain federal court jurisdiction under 28 U.S.C. § 1332 (1976). Essentially, the defendant takes issue with the hotel's inclusion of the interest and attorneys fees commanded by the judgment in the amount in controversy. Incorporation of said interest and attorneys fees escalates the amount in controversy to over $14,000.

■ After a careful review of the relevant case law, including the decision in *Richie v. Richie*, 186 F.Supp. 592 (E.D.N.Y. 1960), cited to this Court by the plaintiff, this Court cannot accept the defendant's argument. This is so because, as noted by Professors Wright and Miller, if the judgment in an action provides for interest, the computation of the amount in controversy in a suit on the judgment *includes* the interest. Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction § 3712 at pg. 510. Similarly, it is well settled that attorneys fees commanded by a judgment may be considered a component of the amount in controversy calculation.

*Givens v. W.T. Grant Co.*, 457 F.2d 612 (2d Cir.), *remanded on other grounds*, 409 U.S. 56, 93 S.Ct. 451, 34 L.Ed.2d 266 (1972). Accordingly, defendant's motion to dismiss is hereby DENIED.

■ The Court turns next to the plaintiff's cross motion for summary judgment. As mandated by the United States Supreme Court in the seminal case of *Fauntleroy v. Lum*, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908), the inquiry for this Court with respect to the propriety of the Puerto Rico judgment at issue in plaintiff's motion must be limited to this Court's determination as to whether the Puerto Rico Court had a basis for exercising in personam jurisdiction over Mr. Greenberg, and to whether Mr. Greenberg had notice of the Puerto Rico proceedings.

As to notice, from the material submitted by the hotel in support of this motion, it seems clear that Mr. Greenberg *was served* in connection with the Puerto Rico action under the provisions of Rule 4.7 of the Civil Procedure Rules of Puerto Rico. As a result, the Court finds the notice requirement to have been satisfied.

To obtain an in personam jurisdiction basis over Mr. Greenberg, the Puerto Rico Court invoked Rule 4.7 of the Puerto Rico Rules of Civil Procedure. Rule 4.7 is a jurisdictional long arm statute substantially similar to New York's CPLR § 302. It provides, in relevant part:

> Where the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall have personal jurisdiction over said nonresident as if he were a resident of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following:
>
> (1) Such person or his agent carries out business transactions within Puerto Rico.

In support of the instant motion, the plaintiff argues that Mr. Greenberg's activity at the hotel casino and within the Commonwealth of Puerto Rico in connection with this dispute provides a jurisdictional predicate sufficient to come within the reach of the previously quoted Rule. The hotel also

asks this Court to observe that the issue of Puerto Rico's in personam jurisdiction over Mr. Greenberg was litigated before, and decided by, the Puerto Rico Court, and that Mr. Greenberg's attorney took an active part in the jurisdiction proceedings.

Mr. Greenberg attacks the plaintiff's arguments on several levels. Initially, he complains that his activities within Puerto Rico did not constitute commercial activities and, as a result, cannot be classified as "business transactions," so as to bring them within the Puerto Rico long arm statute.

This claim, however, is laid to rest by the District Court for Puerto Rico's decision in *San Juan Hotel Corp. v. Lefkowitz*, 277 F.Supp. 28 (D.P.R.1967), where the court declined defendant's invitation to emasculate the term "business transaction" within the statute to include only commercial transaction for profit. 277 F.Supp. at 30. In light of this ruling, it is this Court's opinion that Mr. Greenberg's contacts with Puerto Rico in connection with the hotel's claim in this action satisfied the statutory standards for long arm jurisdiction, thereby affording the Puerto Rico Superior Court a jurisdictional basis for the 1978 case involving Mr. Greenberg.

Mr. Greenberg also challenges the Puerto Rico judgment by arguing that it failed to include a finding that the debt involved was not excessive under Puerto Rico law. Moreover, the defendant attacks the sufficiency of the evidence of the debt. In this proceeding, however, the Court need not concern itself with these contentions. This is so because these arguments are best categorized as substantive, and, therefore, outside the scope of this Court's limited jurisdictional inquiry in this action. *Fauntleroy v. Lum*, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908).

Finally, the defendant maintains that a grant of the present summary judgment motion would be inconsistent with this Court's prior rulings on a similar issue in 79 Civ. 941 (E.D.N.Y. Bramwell, J.), Mr. Greenberg's defamation action against the hotel, that also is on this Court's docket. This, however, is not so. When this Court denied the hotel's counterclaim in 79 Civ. 941 for summary judgment on the enforcement of the December, 1978 Puerto Rico judgment, it did not do so on substantive grounds. Rather, this Court based its decision on the fact that Mr. Greenberg formally had not responded to the hotel's counterclaim.

A comparable situation does not exist in this action. Here, Mr. Greenberg directly has responded to the essential issue raised by the hotel's motion in a lengthy, detailed affidavit authored by his attorney. Since this Court has found the objections to the hotel's summary judgment motion contained in that affidavit to be meritless, it sees no reason to defer its decision to grant the hotel's summary judgment motion.

Therefore, for the foregoing reasons,

(1) defendant's motion to dismiss is hereby DENIED;

(2) plaintiff's motion for summary judgment is hereby GRANTED.

It is SO ORDERED.