OPINION OF THE COURT
Lawrence E. Kahn, J.
In the action entitled Rios, et al. v Altamont Farms, Inc., plaintiffs move to enforce a judgment heretofore entered by default in Puerto Rico. Defendant seeks dismissal upon the premise that the Puerto Rican court did not acquire in personam jurisdiction in the litigation before it. If Puerto Rico did acquire personal jurisdiction over defendant, the default judgment entered therein is entitled to full faith and credit in the State of New York (San Juan Hotel Corp. v Greenberg, 502 F Supp 34; Americana of Puerto Rico v Kaplus, 368 F2d 431). However, if proper jurisdiction over the defendant was not acquired, the judgment may not be given full faith and credit by the courts of this State (Durfee v Duke, 375 US 106).
The pertinent facts necessary to resolve this motion are not in dispute. Thus, summary judgment is an appropriate remedy (Falk v Goodman, 7 NY2d 87). Plaintiffs are mi *729 grant farm workers residing in the Commonwealth of Puerto Rico. Defendant, Altamont Farms, Inc. (hereinafter Altamont), is an apple grower located in the Hudson Valley Region of New York State. On March 28, 1978, Altamont submitted a clearance order-rural manpower job offer to the Interstate Clearance System established by the Wagner-Peyser Act (US Code, tit 29, § 49 et seq.). The submission was required because Altamont intended to hire foreign workers in the event that a sufficient domestic labor supply was not available. The act’s purpose is “to provide two assurances to United States workers, including the citizens of Puerto Rico. First, these workers are given a preference over foreign workers for jobs that become available within this country. Second, to the extent that foreign workers are brought in, the working conditions of domestic employees are not to be adversely affected, nor are United States workers to be discriminated against in favor of foreign workers.” (Snapp & Son v Puerto Rico,_US_,__) Thus, Altamont was required to filé the clearance order pursuant to Federal Labor Department regulations in that it had made application for alien employment certification. The United States Department of Labor ultimately transmitted defendant’s clearance order to the Commonwealth of Puerto Rico. Thereafter, the Puerto Rican Department of Labor and Human Resources made it available to potential workers, including the plaintiffs herein.
In resolving the issue of whether the courts of Puerto Rico acquired personal jurisdiction over Altamont, the test is twofold. It must be shown both that its long-arm statute was satisfied and that due process standards have been met (International Shoe Co. v Washington, 326 US 310). Puerto Rican courts may exercise long-arm jurisdiction with respect to Altamont “if an action or claim arises as the result of that person transacting business or committing any tortious act within Puerto Rico, either personally or through an agent.” (Rules of Civ Pro of Commonwealth of Puerto Rico, rule 4.7.) The burden of establishing in personam jurisdiction rests with the plaintiff (Jetco Electronic Inds. v Gardiner, 473 F2d 1228). While this court should consider the pleadings and affidavits most favorably in *730 plaintiffs’ terms, nevertheless, the burden does not shift. In rendering its judgment by default, the Superior Court of the Commonwealth of Puerto Rico concluded that it had jurisdiction over the subject matter of the action and over the person of the defendant, by virtue of the transaction of business by the defendant in the Commonwealth of Puerto Rico through the circulation of an offer of employment for agricultural workers, and through recruitment of agricultural workers in Puerto Rico.
The clearance order filed by defendant with the State of New York and the United States Employment Service was clearly a job offer. Defendant could have reasonably foreseen that it would be transmitted to Puerto Rico and those other States which were known to have surplus labor available. At no time did defendant withdraw this job offer, and in fact, defendant ratified contracts with plaintiffs by accepting them upon their arrival at the orchards. Defendant was not mandated to solicit employees from Puerto Rico, and could have withdrawn its clearance order at any time. The procedure only became mandated because it had a desire to employ foreign workers, and it therefore voluntarily filed the mandated clearance order. By doing so, it accepted the benefits, obligations and liabilities that thereafter arose and which naturally flowed from the filing of the job offers, thereby enveloping them within the purview of Puerto Rico’s long-arm jurisdictional statute. Therefore, in order to acquire personal jurisdiction, only “minimum contacts” with the foreign State must have occurred so that “traditional notions of fair, play and substantial justice” will not be offended by the maintenance of the suit (International Shoe Co. v Washington, supra). This standard of minimum contacts is one of reasonableness, with the facts of each case to be weighed individually to determine whether the requisite circumstances exist (Kulko v California Superior Ct., 436 US 84). “[Wjhile very little purposeful activity within a state is necessary to satisfy the minimum contacts requirement, we have, nevertheless, unequivocally required some activity by the defendant before permitting the exercise of in personam jurisdiction * * * the jurisdictional touchstone being the presence of sufficient in-state business activity to indicate the pur *731 poseful enjoyment of the benefits and protections of that state’s law.” (Benjamin v Western Boat Bldg. Corp., 472 F2d 723, 726.)
Pursuant to the above standards, Puerto Rico’s assertion of jurisdiction under its statute is not violative of the due process clause of the Fourteenth Amendment to the United States Constitution. It is clear that the broad social purpose of the Wagner-Peyser Act and the protections imposed thereunder, as to the temporary foreign worker regulations, would be negated by permitting employers to utilize such procedures and then reneging on their contractual offer without allowing recourse to the employees who suffer damages in their home State or territory. Defendant made a business judgment to seek foreign labor with the knowledge that it would place itself within the mandated rules and regulations of the Federal Government, It was aware that its job offer would be forwarded to surplus labor areas such as Puerto Rico and further, was aware that, in reliance thereon, such solicited employees would foreseeably accept its offer and travel to defendant’s place of business in the State of New York. At no time did defendant withdraw its job offer or in any way attempt to stop the machinery which would inevitably bring Puerto Rican laborers to its orchards. By doing so, they subjected themselves to the jurisdiction of the courts of Puerto Rico. The defendant had the right to defend itself and have its day in court in the Commonwealth of Puerto Rico, but chose not to do so. Having made this decision, it is bound thereby.
Finally, plaintiffs move for an order pursuant to CPLR 602 consolidating all of the above-pending cases in Supreme Court, and removing and consolidating those cases pending in County Court, Ulster County, upon the ground that all involved common questions of fact and law. Said relief shall be granted. The proof before this court is sufficient to establish that the jurisdictional allegations of the various actions are amenable to uniform disposition, and require a similar result as has been reached in the instant decision.