ARTHUR H. THOMAS COMPANY, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. HÉCTOR RUIZ SOMOHANO, JUEZ, demandado; UNIVERSIDAD DE PUERTO RICO y FEDERAL INSURANCE CO., interventoras.

*Número:* O-69-183     *Resuelto:* 24 de marzo de 1970

*Juan Enrique Géigel, Guillermo Silva, Hernán E. Pesquera* y *Ernesto Rodríguez Font,* abogados del peticionario; *Francisco Ponsa Feliú, Wilson F. Colberg* y *Miguel A. Valdejully,* abogados de las interventoras.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Mientras la joven Nilda Iris Rodríguez cumplía con sus estudios de laboratorio para el curso de química inorgánica en el Colegio de Agricultura y Artes Mecánicas de Mayagüez, uno de los recintos de la Universidad de Puerto Rico, sufrió un accidente al quebrarse un tubo de cristal y cortarle los tendones del dedo meñique de su mano derecha. Por ello se incoó acción en reclamación de daños y perjuicios contra la Univer-

sidad de Puerto Rico y su aseguradora Federal Insurance Company.

Ya trabada la contienda por haber las demandadas formulado su contestación—se negaron los hechos expuestos en la demanda y como defensa especial se adujo que el accidente se debió exclusivamente a la falta de cuidado de la lesionada —se presentó una demanda contra tercero contra Arthur H. Thomas Company, en la que se expuso que el tubo de cristal había sido comprado por la Universidad a dicha tercera demandada, y que de existir responsabilidad, el accidente había sido causado por defectos en la manufactura o por la manufactura inadecuada de dicho instrumento. Suplicóse se dictara sentencia contra Arthur H. Thomas Comany condenándole a resarcir a las demandadas cualquier suma que éstas o cualquiera de ellas vinieran obligadas a pagar a la parte demandante. Se expidió emplazamiento dirigido a "Secretario de Estado, San Juan, P. R.; Arthur H. Thomas, Company, P.O. Box 779, Philadelphia, Pennsylvania." Fue diligenciado mediante entrega por persona particular a dicho funcionario "a tenor con la Regla 4.7 de Procedimiento Civil". Además, el abogado de las demandadas remitió a la tercera demandada, a la dirección postal indicada, por correo certificado con acuse de recibo, copia de la demanda de tercero y del emplazamiento librado.

La tercera demandada compareció en autos para solicitar la desestimación de la demanda de tercero por falta de jurisdicción. Adujo, entre otras cosas, que es una corporación organizada bajo las leyes del Estado de Pennsylvania, con oficina principal establecida en la Calle Vine esquina Calle Tercera de la ciudad de Philadelphia; que nunca ha realizado por sí o por agente transacción alguna de negocios dentro de Puerto Rico, ni tiene oficinas establecidas en la Isla, ni ha designado ni ha tenido agente para representarla localmente; que no ha ejercitado, por sí o por agente, ningún acto en Puerto Rico del cual pueda emanar responsabilidad civil; y

finalmente, que no es dueña ni posee bienes inmuebles en Puerto Rico. Para sustanciar estos hechos acompañó una declaración jurada suscrita por su Vice-Presidente y Gerente General señor E. B. Patterson. (¹)

Señalada la vista correspondiente, las demandadas y terceras demandantes ofrecieron en evidencia (a) una requisición de compra, en la que después de describir la mercancía requerida—equipo e instrumentos de laboratorio, incluyendo tubos de cristal—se identifica así: *"Catalog 61*—Arthur H. Thomas Co., P.O. Box 779, Philadelphia 5", y se inserta: "Supplies can be obtained from . . . A través de [aparece tachado] at H. V. Grosch Co.—San Juan, P.R."; y (b) una orden de compra de la mercancía dirigida a H. V. Grosch Co., San Juan, Puerto Rico, como vendedora, y que contiene igual identificación, "Catalog 61—Arthur H. Thomas Co., P.O. Box 779, Philadelphia 5".

---

(¹) El texto en inglés de la declaración dice:

"2. Arthur H. Thomas Company has been and still is a citizen and resident of the State of Pennsylvania.

"3. Arthur H. Thomas Company has neither applied for nor obtained a license to do business in the Commonwealth of Puerto Rico.

"4. Arthur H. Thomas Company has, at no time material to this case, either directly or through any agent or representative, conducted or carried out business in the Commonwealth of Puerto Rico; is not at present transacting any business in said Commonwealth; has, at no time material to this case, maintained any office or place of business therein; and has never, during such time, maintained or had an agent in the Commonwealth of Puerto Rico for the transaction of business.

"5. Arthur H. Thomas Company does not own or use, by itself or through any agent, real property located in Puerto Rico, and has, at no time material to this case, used or owned, either directly or through any agent, any real property located therein.

"6. Arthur H. Thomas Company has not executed by itself or through any agent any tortious act within the Commonwealth of Puerto Rico; has not consented to, or agreed in writing or otherwise, to be served with legal process in the Commonwealth of Puerto Rico; and has never voluntarily submitted itself to the jurisdiction of the courts of the Commonwealth of Puerto Rico."

El tribunal de instancia declaró sin lugar la solicitud de desestimación fundándose en que la prueba admitida que se ha reseñado "establece por lo menos un contacto o relación mínima de transacciones de negocios de la referida tercera demandada dentro de Puerto Rico." Acordamos revisar esta resolución.

1. El derecho aplicable está contenido en la Regla 4.7 de las de Procedimiento Civil, según enmendada por la Ley Núm. 105 de 28 de junio de 1965 (Leyes, pág. 293), (²) que en cuanto es pertinente dispone respecto al emplazamiento sustituto:

"(a) Cuando la persona a ser emplazada no se encontrare en Puerto Rico, el Tribunal General de Justicia de Puerto Rico tendrá jurisdicción personal sobre dicho no-residente, como si

---

(²) Aunque el objetivo principal de la aprobación de la Ley Núm. 105 de 1965, *supra*, fue facilitar el emplazamiento de la parte demandada en los pleitos que surgieran al amparo de la Ley Núm. 75 de 24 de junio de 1964, 10 L.P.R.A. secs. 278 a 278d, sobre la terminación de contratos de distribución, se reconoció que su alcance era de aplicación general "para incorporar a nuestra legislación procesal la tendencia moderna que es la de ampliar la jurisdicción de los tribunales estatales sobre personas no residentes del foro." *Diario de Sesiones*, 1965, pág. 1784.

Aparece del informe de las comisiones que consideraron la medida que la enmienda se basó en la legislación del estado de Nueva York. Véase CPLR § 302, 7B McKinney's Consolidated Laws of New York, pág. 427.

Sería conveniente que se considerara la conveniencia de adoptar el texto de la Sec. 1.3 de la Ley Uniforme de Procedimiento Interestatal que extiende la jurisdicción *in personam* a los siguientes casos:

"(1) realizar cualquier negocio en el estado; o

"(2) contratar el suministro de servicios y cosas en el estado; o

"(3) incurrir, por acción u omisión, en conducta torticera, dentro del estado; o

"(4) incurrir en conducta torticera en el estado por un acto u omisión cometido o realizado fuera del estado si la persona regularmente realiza o gestiona negocios, o se dedica a una actividad continua dentro del estado, o deriva un ingreso sustancial de bienes usados o consumidos o servicios prestados en el estado; o

"(5) tener algún derecho o poseer bienes inmuebles en el estado; o

"(6) contratar para asegurar a cualquier persona residente, o bienes o riesgos situados dentro, del estado a la fecha del contrato."

se tratare de un residente del Estado Libre Asociado de Puerto Rico, si el pleito o reclamación surgiere como resultado de lo siguiente:

1) Realizare por sí o por su agente, transacciones de negocio dentro de Puerto Rico; o

2) Ejecutare, por sí o por su agente, actos torticeros dentro de Puerto Rico; o

3) .    .    .    .    .    .    .    .

4) .    .    .    .    .    .    .    .

5) .    .    .    .    .    .    .    .

(b) En tales casos se presumirá incontrovertiblemente que el demandado ha designado al Secretario de Estado de Puerto Rico como su agente y significará su consentimiento para que aquél reciba emplazamientos, demandas o notificaciones judiciales y a tales efectos copia del emplazamiento y de la demanda se entregará al Secretario de Estado o a la persona designada por éste, y el demandante remitirá inmediatamente al demandado copia de estos documentos por correo certificado con acuse de recibo. Cualquier diligencia judicial así notificada tendrá la misma fuerza legal y validez de una notificación personal."

De inmediato procede resolver que, en ausencia de la prueba necesaria, no puede considerarse a H. V. Grosch Co. como agente de la tercera demandada, *cf. United F. M. Co., Inc.* v. *Tribunal Superior*, 96 D.P.R. 362 (1968), y que la procedencia del emplazamiento sustituto tiene que depender exclusivamente de que se establezca que esta última realiza o ha realizado transacciones de negocios dentro de Puerto Rico, ya que la responsabilidad que se le exige en virtud de la demanda de tercero no se deriva de la comisión por ella de un acto torticero en esta jurisdicción, véanse, *Vélez* v. *Halco Sales, Inc.*, 97 D.P.R. 438 (1969), y casos allí citados.

2. La extensión y complejidad de las relaciones comerciales, el adelanto en los medios de comunicación y de transportación, las relaciones mercantiles más frecuentes entre los estados y otros factores similares han tornado en obsoleta la interpretación literal del conocido *dictum* del Juez

Holmes en *McDonald* v. *Mabee,* 243 U.S. 90, 91 (1917), al efecto de que "La base de la jurisdicción es el poder físico." Como indica Moore, (³) la noción rígida de que el poder físico y la soberanía territorial eran los hechos determinantes de la jurisdicción *in personam* ha sido abandonada, así como ciertas ficciones jurídicas que se adoptaron para atemperar su rigor, que la hacían depender del "consentimiento" para ser demandado—véase el Art. 1404 de la Ley de Corporaciones, 14 L.P.R.A. sec. 2404—o de la "presencia" en la localidad. *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945), fija la norma prevaleciente, conciliándola con las exigencias del debido proceso de ley, al determinar la procedencia de una sentencia *in personam* contra un no residente cuando éste ha tenido ciertos "contactos mínimos" con la jurisdicción de forma que la tramitación del pleito "no quebrante tradicionales principios de trato imparcial y justicia sustancial." Véanse además, *Travelers Health Assn.* v. *Virginia,* 339 U.S. 643 (1950); *Perkins* v. *Benguet Consol. Min. Co.,* 342 U.S. 437 (1952); *McGee* v. *International Life Ins. Co.,* 355 U.S. 220 (1957); *Hanson* v. *Denckla,* 357 U.S. 235 (1958).(⁴)

▮ No obstante, aun bajo la doctrina de los contactos mínimos se requiere que el contacto dentro de la jurisdicción resulte de un *acto afirmativo* de la parte demandada, *Hanson* v. *Denckla,* 357 U.S. 235 (1958), en donde se dijo, a la pág. 253: "La actividad unilateral de quienes reclaman alguna relación con un demandado no residente no satisface la exigencia de contacto en el estado en que se interpone la acción judicial . . . es esencial en cada caso que concurra un acto de la parte demandada mediante el cual deliberadamente se aproveche de las ventajas que ofrece el foro, invocando así los beneficios y la protección que brindan las leyes de ese estado."

---

(³) *Federal Practice,* vol. 2, § 4.25 *et seq.*

(⁴) Ya en el área de conflicto de leyes en daños y perjuicios hemos adoptado la doctrina de los contactos dominantes. *Vda. de Fornaris* v. *Amer. Surety Co. of N.Y.,* 93 D.P.R. 29 (1966).

*Cf. Bowman* v. *Curt G. Joa, Inc.,* 361 F.2d 706 (4th Cir. 1966); *Tyee Const. Co.* v. *Dulien Steel Products, Inc., of Wash.,* 381 P.2d 245 (Wash. 1963). En general, véanse las anotaciones respecto a jurisdicción sobre no residentes en 27 A.L.R.3d 397 (1969); 20 A.L.R.3d 1201 (1968); 2 L.Ed.2d 1664 (1958) y notas en 51 Cornell L.Q. 377 (1966) y 66 Colum. L. Rev. 199 (1966).

■ Se han elaborado tres reglas—derivadas de la interpretación conjunta de las opiniones emitidas en los casos de *International Shoe, McGee* y *Hanson,* supra—para determinar la jurisdicción *in personam* sobre un no residente, 47 Geo. L.J. 342, 351–352 (1958),([4a]) a saber:

"(1) El demandado no residente debe realizar algún acto o consumar alguna transacción dentro del foro. No es necesario que la actividad se efectúe físicamente dentro del foro; el acto o transacción puede realizarse por correo. Un solo acto o transacción basta si sus efectos en el foro son suficientemente sustanciales para cualificar bajo la regla tercera.

(2) La causa de acción debe surgir o resultar de las actividades del demandado dentro del foro. Es concebible que la causa de acción precisa se plasme fuera del foro, pero debido a las actividades del demandado en el foro aún exista el 'contacto mínimo sustancial' que es necesario.

(3) Habiéndose establecido bajo las reglas precedentes un contacto mínimo entre el demandado y el foro, la asunción de jurisdicción fundada en ese contacto debe ser compatible con los principios de 'trato imparcial' y 'justicia sustancial' del debido procedimiento de ley. Si se satisface esta norma, existe un 'contacto mínimo sustancial' entre el foro y el demandado. La razonabilidad de someter al demandado a la jurisdicción se determina frecuentemente por las normas análogas a las de *forum non conveniens.*"

---

(4a) Citado con aprobación en *L. D. Reeder Contractors of Ariz.* v. *Higgins Industries,* 265 F.2d 768 (9th Cir. 1959) y *Kourkene* v. *American BBR, Inc.,* 313 F.2d 769 (9th Cir. 1963).

■ Aun bajo la interpretación más abarcadora, (⁵) la prueba ofrecida por la tercera demandante no es suficiente para establecer los contactos mínimos que se requieren a los fines de adquirir jurisdicción *in personam*. El primer documento, una requisición de compra, es un acto unilateral de los empleados de la Universidad de Puerto Rico; el segundo es la orden de compra a tenor con la requisición, que está dirigida claramente a H. V. Grosch Co., y no a Arthur H. Thomas Company, y cuya única referencia a ésta es más bien una de identificación de los artículos interesados. Estos hechos, sin más, no demuestran el "acto deliberado" a que se refiere *Hanson* v. *Denckla*, supra. No estamos resolviendo que la gestión de negocios mediante la circulación de catálogos y listas de precios no proporcionara el contacto mínimo; (⁶) solamente que en el presente caso la prueba ofrecida ni siquiera establece un tenue contacto con nuestra jurisdicción.

*Se anularán las resoluciones dictadas por el Tribunal Superior, Sala de San Juan, en 25 de abril y 30 de junio de 1969, y se declarará con lugar la moción de desestimación por falta de jurisdicción interpuesta por Arthur H. Thomas Company.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Hernández Matos no intervinieron.

---

(⁵) Hasta este caso sólo disponíamos localmente de la interpretación que a nuestra Regla 4.7 ha dado la Corte de Distrito de Estados Unidos para Puerto Rico, que evidencia la extensión de la jurisdicción *in personam* a todos aquellos casos en que constitucionalmente es permisible. *Schering Transamerica Corporation* v. *Torres-Canet*, 290 F.Supp. 362 (1968). *Crédito e Inversiones de San Miguel, Inc.* v. *B. F. Goodrich Co.*, 289 F.Supp. 854 (1968); *Luce & Co., S. en C.* v. *Alimentos Borinqueños, S.A.*, 283 F.Supp. 81 (1968); *San Juan Hotel Corporation* v. *Lefkowitz*, 277 F.Supp. 28 (1967); *Coletti* v. *Ovaltine Food Products*, 274 F.Supp. 719 (1967); *La Electrónica, Inc.* v. *Electric Storage Battery Co.*, 260 F.Supp. 915 (1966); *Executive Air Services, Inc.* v. *Beech Aircraft Corporation*, 254 F.Supp. 415 (1966).

(⁶) Véanse, *General Motors Acceptance Corp.* v. *Richardson*, 300 N.Y.S.2d 757 (1969); *Maggio* v. *Gym Master Company*, 283 N.Y.S.2d 436 (1967).