INTEGRATED INDUSTRIES, INC.,
Plaintiff,

v.

CONTINENTAL MILLING COMPANY
(NETHERLANDS ANTILLES)
N.V., Defendant.

Civ. No. 1093–73.

United States District Court,
D. Puerto Rico.

June 27, 1974.

Gaspar Rivera-Cestero, Old San Juan, P. R., for plaintiff.

Fiddler, Gonzalez & Rodriguez, Hato Rey, P. R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

Following our Order filed March 19, 1974, wherein we denied defendant Continental Milling Company's (hereinafter Comina) motion to dismiss, Comina filed a motion for reconsideration on April 1, 1974 and accompanied the same with an extensive brief and supporting affidavits. Plaintiff, Integrated Industries, Inc. (hereinafter Integrated), thereafter filed an opposition brief.

Comina argues it cannot be held to be doing business in Puerto Rico for personal jurisdiction purposes, Rule 4.7 of the Commonwealth Rules of Civil Procedure, because it never solicited business in Puerto Rico and did not initiate the business relationship in dispute herein but only "courteously responded" by way of letter dated December 9, 1970 to plaintiff's "solicitation of business in New York in search for millfeed as revealed by Senyi's letter of August 27, 1970 and his visits to that state". (Defendant's brief, p. 19).

Mr. Michael Senyi, executive vice-president of plaintiff corporation, had written a letter to Mr. Edward Chem-

tomb of the Continental Grain Company, plaintiff's parent corporation (affidavit of Donald J. Bain), on August 27, 1970 and therein mentioned prior discussions between them regarding shipments of corn or millfeed to Puerto Rico. Mr. Senyi states specifically, ". . . it was very interesting for me to learn about your Flour Mill in Curacao (Comina) which will be in operation within a few weeks." The aforementioned letter was apparently forwarded to Mr. Frederick S. Van Davelaar of Comina who then "courteously responds" by way of letter dated December 9, 1970 and reviews in detail the merchandise Comina has available for shipment on plaintiff's say-so. Mr. Van Davelaar explains further that Comina will send Integrated an invitation to its official opening in February 1971, and reference is made to further negotiations between the parties based on a trial shipment that "could start the ball rolling".

Defendant Comina argues that the aforementioned correspondence cannot be considered, as the Court stated in its Order, an "act by which [a foreign] defendant purposefully avails itself of the privilege of conducting activities within the forum State"— p. 3. Hanson v. Denckla, 357 U.S. at 253, 78 S.Ct. at 1240 (1958). In support of this position, Comina points out—(a) that telephone conversations and correspondence between the parties herein were initiated and sustained at the insistence of plaintiff; (b) that there were no visits by Comina or its representatives to Puerto Rico while there were visits by plaintiff to Curacao and New York; (c) that Mr. Van Davelaar's offer to sell was carried out at plaintiff's insistence and pursuant to plaintiff's own terms; (d) that all orders placed by Integrated were accepted by Comina in Curacao, delivery of the merchandise was made F. O.B. point of shipment, and payment was made in Curacao; and (e) that plaintiff first expressed interest in a long-term contract with Comina, never executed due to Comina's limited capacity and production facilities of which

plaintiff was duly advised. (Defendant's brief, pp. 33–34).

Furthermore, Comina contends that assuming its activities in connection with Puerto Rico constitutes doing business in a jurisdictional sense, this action should nevertheless be dismissed because the cause of action herein involved—defendant's unilateral termination without prior notice of an alleged contractual duty to ship ordered millfeed to plaintiff with consequent damage to plaintiff's business in Puerto Rico—does not arise as a result of Comina's business in Puerto Rico. On the basis of the documents in the record, we find this argument, at least at this stage of the proceedings, to be unconvincing. Plaintiff is entitled to show the shipments of millfeed constituted other than isolated (sporadic) business transactions, and that the trial shipment product of Mr. Van Davelaar's letter was in fact part of a single contract.

Finally Comina warns that should we deny its motion to dismiss, "this would have the detrimental economic effect of shooing away foreign non-resident corporations which are approached by local corporate concerns interested in obtaining the raw materials or other merchandise necessary for their efficient operation." Comina does not show this consideration to be a factor of importance in the legislative history of Rule 4.7, and therefore, we prefer to think of the rule in terms of justice to parties unrelated to considerations of economic incentive.

■ The question, then, is whether subjecting Comina to the jurisdiction of this Court violates "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945). Comina takes the position that inasmuch as Rule 4.7 is based on New York's long-arm statute, C.P.L. R., Section 302, in the absence of case law delineating the confines of Rule 4.7, A. H. Thomas Co. v. Tribunal Superior, 98 D.P.R. 883 (Spanish version), we should, as would the Commonwealth

Courts, look to New York case law for a definition of Rule 4.7. According to Comina, C.P.L.R., Section 302, has not been interpreted as extending New York's jurisdiction over non-domiciliaries as far as the United States Constitution allows, and therefore, neither should Rule 4.7. We are not altogether certain of defendant's interpretation of the scope of Section 302, *Agrashell, Inc. v. Bernard Sirotta Company,* 2 Cir., 344 F.2d 583 at 587; *Longines-Wittnauer W. Co. v. Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 at 75, but in any event we consider that while New York law may be of value in appreciating specific factual situations the breadth of a long-arm statute depends on factors peculiar to the enacting forum—and in Puerto Rico's case Rule 4.7 goes just as far as the Federal Constitution will permit. Heavy reliance in *A. H. Thomas,* supra, on U. S. Supreme Court decisions fixing permissible due process limits to state long-arm statutes would seem to indicate as much. Furthermore, it seems reasonable the Legislature of Puerto Rico would give Rule 4.7 a broader scope than its New York counterpart in view of the comparative difficulty in travel from each forum by residents who need to file suit in foreign jurisdictions. *M. Katz & Son Billiard Products, Inc. v. G. Correale & Sons, Inc.,* 20 N.Y.2d 903, 285 N.Y.S.2d 871, 232 N.E.2d 864 (1967).

To the extent that a foreign corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protections of the laws of that state. *International Shoe,* supra. Along these lines, Comina argues that inasmuch as its shipments of millfeed to plaintiff were made F.O.B. Curacao, plaintiff herein, as titleholder, is the only one interested in securing the protection of Puerto Rican law while the merchandise is in carriage. *Agrashell,* supra; *Kramer v. Vogl,* 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d at 161 (1966). The foregoing consideration has merit in terms of enabling contracting parties to predict with some certainty the jurisdictional consequences of their conduct, but method of shipment may not be a complete indication of the extent to which a non-resident has relied on the laws of the forum in which suit is brought.

■ In any event subsumption of factors relative to minimum contacts should be in the disjunctive if basic notions of fair play and justice are to be respected. If Comina did not need the protection of the law of Puerto Rico in its dealing with Integrated, it, nevertheless, cannot claim surprise at having to defend itself in this jurisdiction if by some purposeful act of its own it availed itself of the privilege of conducting business activities here. *McGee v. International Life Ins. Co.,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). And while Mr. Van Davelaar's letter of December 9, 1970, may not have "sparked the business contacts between Integrated and Comina" the letter, if conflicting allegations are to be resolved in plaintiff's favor, *Glassman v. Hyder,* 23 N.Y.2d 354, 296 N.Y. S.2d at 783, 244 N.E.2d at 262 (1968), certainly indicates more than a "mere passive response in the course of business". The Supreme Court of Puerto Rico has established that the transaction constituting minimum contacts need not be performed physically within the forum but may be done by mail only. *A. H. Thomas,* supra, at p. 870.

Moreover, appreciation of the extent of a non-resident's activities within the forum for minimum contact purposes should depend to some extent on the type of business that is involved. While, for example, in some instances close supervision of the resident's activities by a foreign corporation will indicate the presence of minimum contacts with the forum state, *Whittaker Corporation v. United Aircraft Corporation,* 1 Cir., 482 F.2d 1079 (1973), other business activity, such as herein involved, do not require such supervision and lack of visits by the foreign corporation to the forum state cannot be considered dispositive of the issue of minimum contacts.

Comina, a portion of whose business apparently is the shipment of merchandise to foreign ports, cannot, within the context of due process fairness, claim surprise at having to come to Puerto Rico and answer for activities it transacted within this forum when, while perhaps strictly speaking it did not initiate the business relationship with plaintiff, it nevertheless actively pursued a course of conduct whose foreseeable consequence would be the cementing of a business arrangement from which it hoped to profit. Comina's activity in this regard greatly resembles the factual situation in McGee v. International Life, supra, and which the Supreme Court held constitutes doing business for personal jurisdictional purposes.

Wherefore, defendant's motion for reconsideration is hereby denied.

It is so ordered.