Maria Isabel GONZÁLEZ, as mother with patria potestas and as Judicial Administrator of the assets of her minor son, Pedro Javier Muñoz Gonzalez, Plaintiffs,

v.

Demetria MUÑOZ and The First National State Bank-Edison, New Jersey, Defendants.

No. Civ. 83–1304CC.

United States District Court, D. Puerto Rico.

Nov. 20, 1984.

Heriberto Febus-Bernardini, Ponce, P.R., for plaintiffs.

Jeffrey D. Streisfeld, Forest Hills, N.Y., for defendant Muñoz.

Fernando Pérez-Colón, San Juan, P.R., for First Nat. State Bank.

## OPINION AND ORDER

CEREZO, District Judge.

Maria Isabel González, mother and judicial administrator of minor Pedro Javier Muñoz González, filed this suit against Demetria Muñoz and the First National State Bank-Edison, New Jersey, to recover certain funds which allegedly belong to him. Federal jurisdiction is said to be premised on diversity of citizenship between plaintiff and defendant Muñoz[1] and on the banking-transaction jurisdictional grant of 12 U.S.C. Section 632.[2] Presently before us is a Motion to Dismiss for Lack of In Personam Jurisdiction filed by codefendant First National State-Bank Edison, New Jersey (First National) on September 30, 1983, opposed by plaintiffs, and a Motion for Partial Summary Judgment against defendant Demetria Muñoz filed by plaintiffs on November 17, 1983.

The facts portrayed by the record[3] show that Don Benito Muñoz, the minor's deceased father, left a certain amount of cash which was given to his sister Demetria Muñoz to hold for the benefit of his son. Demetria purchased two certificates of deposit[4] in New Jersey from First National

---

1. In its jurisdictional pleadings plaintiffs refer to 28 U.S.C. § 1441, the removal statute; however, this case did not come to us as a removal but as a complaint originally filed in this court.

2. The pertinent part of section 632 indicates that:

   All suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States ... shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits ....

3. We assume these facts merely for purposes of the motions before us.

4. The certificates are payable to the minor or to his aunt. It has been alleged that these certificates do not cover the entire sum entrusted to Demetria Muñoz and that their whereabouts are unknown. Plaintiffs claim that an additional

for a total of $33,000. The minor's mother subsequently filed an ex-parte proceeding in the Superior Court of Puerto Rico, Ponce Part, for the judicial administration of her son's assets. That court ordered Demetria Muñoz and First National to transfer the funds held through the certificates to the Clerk of the Ponce Court. It is alleged that both defendants were duly notified of this order yet failed to comply. Plaintiffs seek judgment ordering these two defendants to deposit the amount of the certificates plus interests, costs, disbursements and attorney's fees for $4,500 with the Clerk of the Ponce Court and that $15,000 in damages be awarded.

Demetria Muñoz has made several formal and informal appearances through out-of-state counsel Jeffrey Streisfeld in which she indicates that she was entrusted with a certain amount of money by her dying brother Benito to keep for the minor's benefit. She has alleged that Benito made her promise not to let the minor's mother get her hands on the money; that the only additional amounts that she received were used to pay her brother's funeral expenses and that a remaining $1,000 is deposited in a savings account. She expressed her willingness to deliver the certificates of deposit in exchange for dismissal of this action without costs but plaintiffs' attorney has refused that offer. She opposed plaintiffs' unsworn request for summary judgment with a motion resembling an answer to a complaint entitled "Affirmation in Opposition" in which the sufficiency of plaintiffs' pleadings is challenged and most of the allegations of the complaint are denied. On January 30, 1984 the court afforded her out-of-state counsel ten days to request pro-hac-vice admission to practice before this court pursuant to Local Rule 4 for this District, a copy of which was sent to him together with the order. Mr. Streisfeld sent a reply letter stating that compliance with Local Rule 4 which requires retaining local counsel would be too costly and requested that she be exempted from this requirement. This was denied but Demet-

ria Muñoz was allowed to appear *pro se.* She was advised that all future communications with the court should be made through motions filed with the Clerk. She did not appear at a hearing for oral argument on plaintiffs' motion for summary judgment. The court denied a request made by plaintiffs that the opposition to summary judgment signed by attorney Streisfeld be accepted as Demetria Muñoz' *pro-se* appearance and stated that it would review the record to see if she should be allowed another extension of time to oppose the pending request for summary judgment. Defendant Muñoz has not made any further appearances and the court did not grant her any further extension.

▪ As far as First National is concerned it argues that it has not performed a single act within the jurisdiction of Puerto Rico, does not own real property or conduct business here and that the issuance of an order by the Commonwealth Court regarding the minor's funds does not allow for the exercise of personal jurisdiction over it. When determining whether a court can exert personal jurisdiction over a party one must consider the constitutional limits of such power which, as recently discussed in *Helicópteros Nacionales de Colombia, S.A. v. Hall,* —— U.S. ——, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), can be summarized as follows: "[d]ue process requirements are satisfied when *in personam* jurisdiction is asserted over a nonresident corporate defendant that has " 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Id.* 104 S.Ct. at 1872. The conditions under which Puerto Rico has permitted its courts to exercise their jurisdiction over nonresidents are spelled out in Rule 4.7 of the Puerto Rico Rules of Civil Procedure and the applicable caselaw. *See e.g.: A.H. Thomas Co. v. Superior Court,* 98 DPR 883, 98 PRR 864 (1970). The rule indicates that Puerto Rico courts may exercise jurisdiction over a nonresident if it either conducted business

sum of approximately $12,000 was also given to

codefendant Muñoz.

transactions in Puerto Rico personally or through an agent or participated in the commission of tortious acts within Puerto Rico [5] personally or through an agent. The conduct or business transaction occurring in Puerto Rico must, however, be a purposeful act performed *by the defendant* upon whom personal jurisdiction is trying to be exercised. As the Supreme Court of Puerto Rico said in *A.H. Thomas:*

'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State ... it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'

*A.H. Thomas,* PRR at 869 citing *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

▪ A review of plaintiffs' jurisdictional pleadings reveals a manifest lack of personal jurisdiction over defendant First National. There are no allegations in this complaint that First National engaged in some sort of conspiracy with Demetria Muñoz to commit tortious acts within this forum. The notion that personal property that may be destined to a minor carries with it the jurisdiction of the courts of the minor's residence wherever the property is transferred finds no authority in Puerto Rico's long arm statute, and plaintiffs have cited no legal authority in its support. The constitutionality of an exercise of personal jurisdiction on such a weak basis, especially in a case where the item of personal property is cash, cannot be seriously argued. The only other contacts asserted to establish jurisdiction over First National are letters that plaintiffs' attorney sent to the bank informing it of the judicial administration proceedings and the court order requiring it to file the certificates of deposit with the Ponce Superior Court. However, these

acts do not constitute affirmative acts by *defendant* First National to "purposefully avail" itself of the benefits of this forum but are mere unilateral acts performed by other parties. *See: A.H. Thomas.* In fact, none of the acts alleged to have been committed by First National even occurred in Puerto Rico. To construe as sufficient to exert jurisdiction any act performed in Puerto Rico which may be directed at a nonresident even though the nonresident performed no acts and had no contacts within Puerto Rico is an upside-down reading of a rule which clearly speaks of acts performed by the party over whom jurisdiction is being sought and not of acts performed by the party seeking to assert jurisdiction. *Id.* This approach to the minimum contacts theory contravenes the constitutional mandate that long arm statutes be reconciled with due process notions of fair play and substantial justice for compliance with the requirement of *defendant's* contacts with the forum State is determined by *plaintiff's* unilateral activities. The Court has said that "unilateral activity of another party or of a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction." *Helicópteros Nacionales de Colombia, S.A. v. Hall,* 104 S.Ct. at 1873, citing *Kulko v. California Superior Court,* 436 U.S. 84, 93, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978) and *Hanson v. Deckla,* 357 U.S., at 253, 78 S.Ct. at 1239. Demetria's banking transaction upon purchasing two certificates of deposit in New Jersey, the letters sent by plaintiffs' attorney from Puerto Rico to First National and the court order obtained by plaintiffs in a Commonwealth Court in a case in which First National is not a party do not establish any basis whatsoever for asserting jurisdiction over First National. This defendant has no contacts with this forum which would justify such an assertion. Neither does this action "arise out of" or "relate to" any activities of defend-

---

5. The rule also allows jurisdiction to be exercised over parties who own real property in Puerto Rico or parties that are involved in certain types of accidents not applicable to our situation.

ant in this forum. It is clear from the record that plaintiffs never had a sufficient basis for asserting jurisdiction. They have obstinately insisted in pursuing a deficient and frivolous jurisdictional analysis which is contrary to legal principle, long established in caselaw.

Accordingly plaintiffs are ORDERED to deposit the sum of $1,000 for attorney's fees ten (10) days after notice of this order.[6] The complaint against codefendant First National is hereby DISMISSED for lack of *in personam* jurisdiction. Partial Judgment shall be entered separately.

SO ORDERED.

---

6. The finding of lack of personal jurisdiction over this defendant does not affect the minor's right to obtain said funds through the corresponding procedure in the court with personal jurisdiction over the bank. We are not aware of any impediments to validate the Superior Court of Ponce's order in New Jersey through the appropriate procedure in that State. However, the present complaint is not directed at this solution to the problem and we trust plaintiffs' counsel is aware of the appropriate procedure to obtain said funds through the New Jersey courts and has not used the present action for such purposes for it would be wasting much of his clients' valuable time as well as incurring in additional and unnecessary legal fees.