SWANK, INC., Plaintiff,

v.

Armando CARMONA and Elite Belt Corporation, Defendants, Third Party Plaintiffs,

v.

F. RONCI CO., INC., and Pierre Cardin, Third Party Defendants.

Civ. No. 83–1464(PG).

United States District Court,
D. Puerto Rico.

March 4, 1985.

Eugenio C. Romero, Goldman & Antonetti, Santurce, P.R., for plaintiff.

Harry Anduze Montaño, Santurce, P.R., for defendants, third party plaintiffs.

Nancy Pujals, Hato Rey, P.R., for F. Ronci and Pierre Cardin.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Present before us is a Motion for Reconsideration of our Order of August 21, 1984, dismissing the third party complaint as to F. Ronci Co., Inc., and Pierre Cardin. The motion, filed by defendants-third party plaintiffs Armando Carmona and Elite Belt Corporation, has now been opposed by F. Ronci Co., Inc. The parties have filed memoranda in support of their positions.

A brief history of the relevant facts of the case is in order.

This is an action whereby plaintiff, Swank, Inc., has sought injunctive relief, damages and confiscation for acts of trademark infringement and unfair competition. Jurisdiction has been invoked under 15 U.S.C. § 1121; 28 U.S.C. §§ 1332 and 1338.

In essence, plaintiff, Swank, Inc., alleges that it is Pierre Cardin's exclusive licensee throughout the Continental United States and in Puerto Rico and that defendants, in detriment of the market, have offered belts, bearing unauthorized, the Pierre Cardin logo and PC symbol. It is alleged that defendants are offering these inferior quality items at considerably lower prices. Plaintiff claims that such unauthorized use of Pierre Cardin's marks and symbols by defendants constitutes a false designation of origin, of description and representation that wrongly designates the product distributed by defendants as originating or connected with Pierre Cardin.

On February 16, 1984, defendants-third party plaintiffs Armando Carmona and Elite Belt Corporation filed a third party complaint against F. Ronci Co., Inc., and Pierre Cardin. F. Ronci Co., Inc., is the licensed manufacturer of Pierre Cardin belt buckles.

It is alleged that F. Ronci Co., Inc., through its officials, offered to defendants-third party plaintiffs belt buckels which F. Ronci Co., Inc., claimed were genuine Pierre Cardin discontinued or closed-out models.

It is alleged that F. Ronci Co., Inc., made the representation that Elite Belt Corporation could validly market said products if they were to be distributed in Puerto Rico. It is further alleged that based in these representations defendants-third party plaintiffs placed orders for buckels from F. Ronci Co., Inc., that were attached to belts manufactured by Elite, which were distributed in Puerto Rico by Elite Belt Corporation and Armando Carmona.

On June 29, 1984, the third party co-defendant F. Ronci, Co., Inc., filed a Motion to Dismiss for failure to allege jurisdiction and for lack of in personam jurisdiction over third party defendant F. Ronci Co., Inc.

On August 3, 1984, the U.S. Magistrate rendered a Report and Recommendation which states that third party co-defendant's motion had remained unopposed. Dismissal of the same was recommended therein in "view of the readily apparent merit of Ronci's motion".

On August 21, 1984, this Court approved said report and recommendation and ordered the dismissal of the complaint.

On October 4, 1984, defendants-third party plaintiffs filed the Motion for Reconsideration which third party defendant F. Ronci Co., Inc., opposed on October 25, 1984, and which now stands before us.

■ Ronci first opposes said motion on procedural grounds alleging that this Court lacks jurisdiction because said motion is one under Rule 59(e) of the Federal Rules of Civil Procedure and the same is time barred.

Rule 59(e), F.R.Civ.P., provides: "A motion to alter or amend judgment shall be served not later than 10 days after entry of judgment."

It has been consistently held that this ten-day limitation period fixed by Rule 59(e) is one of the few limitary periods which the court has no power to enlarge, *Scola v. Boat Francis R., Inc.*, 618 F.2d 147, 154 (1st Cir.1980), and that accordingly, a motion which has been filed outside the required statutory term must be denied. *Elias v. Ford Motor Co.*, 734 F.2d

463, 466 (1st Cir.1984); *O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir. 1982); *Morgan Guaranty Trust Co., etc. v. Third Nat. Bank*, 545 F.2d 758, 760 (1st Cir.1977). However, the rule expressly states that the motion must be served within ten days *after the entry of judgment.* 11 Wright and Miller § 2817 at 109.

The record of the instant case discloses that no judgment has been entered by the Clerk of the Court. Therefore, the ten-day period is of no application to the present case. Thus, the Court will treat the motion as one for reconsideration of an order. We proceed to reconsider the order of dismissal.

■ F. Ronci Co., Inc., has also alleged that the third party complaint does not aver grounds for jurisdiction. Third party plaintiffs contend that jurisdictional averments in the original answer and counterclaim including jurisdictional averments were incorporated into the third party complaint. Paragraph 7 of the third party complaint reads:

> The defendants answered the complaint and filed a counter-claim against Swan, Inc. All the allegations contained in the aforementioned pleadings are adopted by reference at this time as grounds for relief against third party defendants. The answer and counterclaim is attached as Exhibit II to this third party complaint.

We find that, although this is not the most desirable practice, at the very least it may be corrected by an amended pleading.

■ Turning now to the substantive grounds, F. Ronci Co., Inc., alleges that no *minimum contacts* can reasonably be established between itself and this jurisdiction.

In ruling on a dismissal for lack of personal jurisdiction, allegations on the complaint are to be taken as true. *Black v. Acme Markets, Inc.*, 564 F.2d 681, 683, f.n.

3 (5th Cir.1977). However, in the instant case, affidavits have been filed by both parties concerning the issue.

■ It is well established that to determine whether exercising personal jurisdiction is proper, a court may receive and weigh affidavits prior to trial on the merits. *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir.1971). The purpose is clear for affidavits will compel the plaintiff to go beyond the allegations of the complaint, *Edwards v. Associated Press*, 512 F.2d 258, 262, n. 8 (5th Cir.1975), and produce evidence of the existence in fact of jurisdiction. *Replas, Inc. v. Wall*, 516 F.Supp. 59, 62 (S.D.In.1980).

This is not a case where one side of the conflict has been supported by affidavits. Accordingly, the Court's task is not simplified, *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir.1967), inasmuch as the affidavits submitted by the parties conflict as to material facts.

Since the pleadings, as well as the affidavits submitted, have raised issues on disputed questions of fact with regards to the jurisdiction of this district court, a hearing on the jurisdictional issue was held before us on January 25, 1985. 5 Wright and Miller, *Federal Practice and Procedure*, § 1373 at 714–75.

Having considered the affidavits, the exhibits annexed to defendants' Motion for Reconsideration, as well as the oral expositions during the hearing on the jurisdictional issue, held on January 25, 1985, we reach the following findings of fact:

1. F. Ronci Co., Inc., is a corporation organized pursuant to the laws of the State of Rhode Island;

2. R. Ronci Co., Inc., has for several years sold some of its products to Elite Corporation, thus, there being a relationship between the two corporations;[1]

---

**1.** In a letter dated April 23, 1980, (marked as exhibit 3) Mr. Frank Ronci addressed a letter to Elite notifying that Edward Forti has taken over the management of the belt buckle division and hoping that they will share in the friendly and profitable relationships they have shared in the past.

3. There have been transactions between both corporations;[2]

4. F. Ronci Co., Inc., has sent price lists of its merchandise to Elite Belt;[3]

5. F. Ronci Co., Inc., has shipped some of its merchandise to Puerto Rico;[4]

■ In order to exercise personal jurisdiction over a non-resident defendant two independent factors must be considered by a district court.

In the first place, it must be determined whether an applicable state rule or statute potentially confers personal jurisdiction over the defendant, and second, whether assertion of such jurisdiction accords with constitutional principles of due process. *Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni*, 628 F.2d 652, 667 (1st Cir. 1980), *cert. denied*, 450 U.S. 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981).

■ Turning on the first inquiry, a federal court will have jurisdiction in a diversity action if the court in the state in which the federal court is sitting would have jurisdiction. F.R.Civ.P. 4(e) and 4(d)(7); *Lakeside Bridge & Steel Co. v. Mountain State Construction Co.*, 597 F.2d 596, 598 (7th Cir.1979).

■ This in turn leads us to examine Puerto Rico's long arm statute which is contained in Rule 4.7 of the Puerto Rico Rules of Civil Procedure (32 L.P.R.A.App. III, R. 4.7). The statute provides:

(a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through an agent; or

(2) Participated in tortious acts within Puerto Rico personally or through his agent; or

(3) Was involved in an automobile accident while driving a motor vehicle in Puerto Rico personally or through his agent; or

(4) Was involved in an accident in Puerto Rico while operating, personally or through his agent, a freight or passenger transportation business in Puerto Rico, between Puerto Rico and the United States or between Puerto Rico and a foreign country, or if in the operation of said business, an accident occurs outside Puerto Rico and the contract had been executed in Puerto Rico; or

(5) Owns, uses or possesses, personally or through his agent, real property in Puerto Rico.

(b) In said cases, service shall be made pursuant to Rule 4.5.

It has been held that in Puerto Rico's case the long arm statute has as its object to extend the effectiveness of its jurisdiction to the maximum ambit of constitutional authority. *Mangual v. General Battery Corp.*, 710 F.2d 15, 19 (1st Cir.1983), limited only by due process analysis, *Vencedor Manufacturing Co., Inc. v. Gaugler Industries, Inc.*, 557 F.2d 886, 889 (1st Cir. 1977). Thus, in Puerto Rico's case Rule 4.7 goes just as far as the Federal Constitution will permit. *Integrated Ind., Inc. v. Continental Mill Co. (N.A.) N.V.*, 385 F.Supp. 883, 885 (D.P.R.1974).

■ While applying the Rules of Civil Procedure of Puerto Rico the district court should carefully consider the opinions rendered by the highest local court. *Ramón Vela, Inc. v. Sogner, Inc.*, 382 F.Supp. 478, 480 (D.P.R.1974).

---

**2.** A letter from F. Ronci Co., Inc., dated March 14, 1980, (marked as exhibit 2) states that Ronci has received an order from Elite Belt Corp. and that as soon as the check in the amount of $235.00 is received the order will be placed into production. There is also evidence that Elite Belt Corp. has been billed by F. Ronci Co., Inc. A cancelled check from Elite to Ronci has also been annexed as an exhibit.

**3.** There are packing lists as well as letters notifying increase in the products.

**4.** Documents have been submitted which disclose that merchandise has been shipped (exhibits 3 and 5) from F. Ronci Co., Inc., to Elite.

Under the facts of this case we find that third party defendant is subject to *in personam* jurisdiction under Rule 4.7. Puerto Rico's long arm statute has been interpreted to permit the exercise of jurisdiction to the full extent of constitutional authority in cases falling within circumstances described in the Commonwealth's long arm statute. *Industrial Siderúrgica, Inc. v. Thysser Steel Caribean, Inc.*, 83 JTS 78, n. 5.

The Supreme Court of Puerto Rico has established that the transaction constituting *minimum contacts* need not be performed physically within the forum, and that a transaction by mail may suffice. *A.H. Thomas Co. v. Superior Court,* 98 P.R.R. 864, 871 (1970).

At this point, having determined that third party defendant's conduct falls within the purview of Rule 4.7, we may move to the second inquiry to determine whether the exercise of jurisdiction over defendant confronts with constitutional due process.

In the leading case of *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), the test for "minimum contacts" was required to establish the "presence" of a non-resident defendant in order to obtain and exercise jurisdiction. The decision makes clear that due to considerations arising from the due process clause of the Fourteenth Amendment jurisdiction over a non-resident defendant may be exercised only if said defendant has certain "minimum contacts" with the forum state such that the "traditional motions of fair play and substantial justice" are not offended.

Later on, in the case of *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958) the Supreme Court clarified that the requirements for personal jurisdiction over non-residents have evolved from a rigid rule towards a more flexible standard. Subsequent cases have held that the minimum contacts test is not susceptible of mechanical applications, *Kulko v. California Superior Court,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978), and that the facts of each case must be weighed to determine whether

these are met. Thus, a fact question is at the core of the inquiry in each case. *Buckley v. New York Times Co.,* 338 F.2d 470, 473 (5th Cir.1964).

■ The existence or non-existence of the necessary minimum contacts to justify the upholding of personal jurisdiction over foreign corporations must be worked out with reference to the particular facts of a given case rather than in a statement of dogmatic rules of all inclusive principles. *Vishay Intertechnology, Inc. v. Delta Intern. Corp.,* 696 F.2d 1062, 1065–1066 (4th Cir.1982). Thus, what is fair and reasonable must be weighed in the circumstances of a particular situation, *Hutter Northern Trust v. Door County Chambers of Commerce,* 403 F.2d 481, 484 (7th Cir.1968).

■ The state does not violate due process when it asserts jurisdiction over corporations · that deliver products into the stream of commerce with expectations that they will be purchased by consumers in forum state. *Hendrickson v. Reg O. Co.,* 657 F.2d 9, 15 (3rd Cir.1981).

■ The facts alleged and documents submitted along with third party plaintiffs' allegations in the complaint and memorandum in support thereof establish that Ronci's contact with Elite Belt and Armando Carmona necessarily imply that Ronci knew or should have known that the product, independent of the fact of the place where the transactions occurred, should enter the stream of commerce and will reach in the forum state, *Hendrich v. Daiko Shoji Co.,* 715 F.2d 1355, 1358 (9th Cir.1983).

It has been held that due process does not preclude assertions of jurisdiction over a new defendant based on a single transaction if the transaction gives rise to cause of action asserted by plaintiff. *Brown v. American Broadcasting Co.,* 704 F.2d 1296, 1302 (4th Cir.1983). Although the instant one is not a product liability case, the language in *Volkswagen* is pertinent here as it speaks of the importance of foreseeability. *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) states:

The forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the *stream of commerce* until the expectation that they will be purchased by consumers in the forum state.

At 297, 100 S.Ct. at 567.

In *World Wide Volkswagen, supra,* the scope of the foreseeable market served by those defendants and of the benefits those defendants derived from the sale of the product was narrow. In contrast, the relevant scope is generally broader with respect to manufacturers.

In the instant case, F. Ronci Co., Inc., is the manufacturer of the belt buckles subject of the present controversy. Though somewhat narrow, the relationships of this manufacturer with Armando Carmona and Elite Belt Co. gave notice and evince that Ronci did know its product was reaching the Puerto Rican market. There is a letter in which Ronci thanks Elite for the sponsoring in buying its products.

The *manufacturer* is at the start of the distribution system and thereby serves directly (or indirectly) and derives economic benefit from an under market. Courts have established distinctions between a manufacturer and a secondary distributor. *Nelson v. Park Industries, Inc.,* 717 F.2d 1120, 1125–1126 (7th 1983). In this respect, a manufacturer or primary distributor may be subject to a particular forum jurisdiction when a second distributor and a retailer are not. Such difference has been explained in view of the fact that the manufacturer and primary distributor have intended to serve a broader market and derive direct benefits from serving that market. *See, Hendrickson v. Reg O. Co., supra,* at 14; *DeJames v. Magnificense Carriers, Inc.,* 654 F.2d 280, 285–286 (3rd Cir.), *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981); *Poymer v. Erma Werke GMBH,* 618 F.2d 1186, 1191–1192 (6th Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980); *Oswalt v. Saripto, Inc.,* 616 F.2d 191, 202 (5th Cir.1980); *Samuels*

*v. BMW of North America, Inc.,* 554 F.Supp. 1191, 1194 (E.D.Texas 1983).

In the instant case, F. Ronci's activities as manufacturer places it at the start of the system. Accordingly, the case is distinguishable from *World-Wide Volkswagen, supra,* because Ronci is evidently an early actor in the distribution system which places and moves the product in the "stream of commerce".

Furthermore, the forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state. *World-Wide Volkswagen Corp. v. Woodson, supra; Industrial Siderúrgica, Inc. v. Thyssen Steel Caribbean, Inc., et al.,* 83 JTS 78 (1983).

On the other hand, in actions based on tort, the inquiry required by due process also requires an examination of the expected consequences of defendants' conduct. This determination, in turn, resolves into an inquiry as to whether the defendant could reasonably foresee that his product, when injected into the stream of commerce, would come to rest in the forum. *Church of Scientology of California v. Adams,* 584 F.2d 893, 897 (9th Cir.1978).

Therefore, if a defendant delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state, then that state may, consistent with due process, assert jurisdiction over the defendant on a course of action relating to those products. *World-Wide Volkswagen Corp. v. Woodson, supra,* 444 U.S. at 297, 100 S.Ct. at 567.

The Supreme Court of Puerto Rico has expressed that the course of conduct which establishes jurisdiction is what is really important and that the criteria under Rule 4.7 to ascertain whether a corporation does business transactions within the forum is a practical matter and not a technical one. *Industrial Siderúrgica, Inc. v. Thyssen, supra,* at 3278.

There can be no doubt that in the instant case F. Ronci Co., Inc., irrespective of where it was bought, in fact delivered the product in question into the stream of commerce with the expectation that it would be purchased by consumers in Puerto Rico. As asserted in the listings, third party defendant was sending its product into Puerto Rico. If payment would not have been made on items purchased, Ronci would have procured payment in courts in Puerto Rico.

Since F. Ronci Co., Inc.,'s conduct and connection with Puerto Rico have been such that Ronci should have reasonably anticipated being haled into court there, the forum may properly assert, consistent with due process, *in personam* jurisdiction over F. Ronci Co., Inc. *Mangual v. General Battery Corp.*, 710 F.2d 15, 19 (1st Cir. 1983).

The realities of modern commercial transactions have helped the manner in which courts have evolved in their appreciation of the requirements for personal jurisdiction over non-residents. *Commodities World Intern. Corp. v. Royal Mill*, 440 F.Supp. 1373, 1377–1378 (D.P.R.1977). In this respect constructive knowledge as to the destination of the products is sufficient. It has been held that "[f]oreseeability that a shipped product may eventually reach a state satisfies the requirement that the defendant purposefully avails itself of conducting activities within the forum state." *Commodities, supra,* at 1378, *Escudé Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904–905 (1st Cir.1980); *Vencedor Mfg. Co., Inc. v. Gougler Industries*, 557 F.2d 886, 892 (1st Cir.1977).

Furthermore, it has been held that even if defendant performs no physical act within the State, activities outside the state can provide adequate contacts if they have reasonably foreseeable consequences within the state.

As disclosed by the findings of fact, F. Ronci Co., Inc., knew that the articles it manufactures were to be shipped to Puerto Rico; there are also bills and list of prices of items manufactured by F. Ronci. We find from all this that F. Ronci Co., Inc., did engage in the kind of purposeful deliberate activity contemplated by due process considerations. *Austin v. North American Forest*, 656 F.2d 1076, 1089–1091 (5th Cir.1981); *Industrial Siderúrgica, Inc. v. Thyssen Steel Caribbean, Inc., et al., supra.*

Accordingly, defendants, third party plaintiffs' Motion to reconsider is hereby GRANTED, and third party defendant is hereby ORDERED to answer the third party complaint.

IT IS SO ORDERED.