# 95 DTA 32

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

EILEEN GARCIA WIRSHING
Demandante-Recurrida

v.

ROGER R. FEO
Demandada-Recurrente

Núm. KLCE-95-00026

San Juan, Puerto Rico, a 23 de marzo de 1995

Panel integrado por su presidente, el Juez Rossy García,
y los Jueces Alfonso de Cumpiano y Negrón Soto

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. Roger R. Feo solicita la revocación de la resolución dictada el 19 de enero de 1995 por el Tribunal Superior, Sala de San Juan, declarando sin lugar la moción de desestimación instada por él alegando falta de jurisdicción sobre su persona y sobre la materia.

Se trata de un caso de custodia de un menor cuya madre trasladó su residencia a Puerto Rico cuatro (4) meses antes de instar la acción de custodia, y el padre es domiciliado de Florida.

Denegamos la expedición del recurso, por entender que el tribunal actuó correctamente al declararse con jurisdicción.

### I

La Sra. Eileen García Wirshing y el señor Feo procrearon fuera de matrimonio al menor Kristian Feo García. Antes de su nacimiento acaecido el 17 de septiembre de 1994, la madre se trasladó con sus padres a Puerto Rico. El 19 de septiembre la señora García Wirshing instó acción de custodia, alimentos y relaciones paterno-filiales en el Tribunal Superior, Sala de San Juan. (Exhibit I del recurso). Este le concedió *ex-parte* la custodia provisional del menor.

El señor Feo compareció ante el tribunal de instancia a los únicos fines de atacar la jurisdicción sobre la materia y sobre su persona, alegando que tanto él como la señora García Wirshing eran domiciliados de Florida. El tribunal determinó que desde el 19 de mayo de

1994 la señora García Wirshing estableció nuevamente su residencia y domicilio en Puerto Rico y que el señor Feo ha tenido contactos mínimos suficientes con este foro. Así, resolvió que tenía jurisdicción personal sobre los litigantes y sobre la materia, tanto bajo nuestras leyes como bajo el *"Parental Kidnapping Prevention Act".*

Ante nos, el señor Feo arguye que el Tribunal Superior erró al determinar que tenía jurisdicción *in personam* ya que no posee contactos mínimos suficientes con este foro y que al momento de instar la acción de custodia, la señora García Wirshing no tenía ánimo de permanecer en Puerto Rico, por lo que no había perdido su domicilio en Florida.

La señora García Wirshing se opone a la expedición del recurso presentando argumentos para sostener la determinación del tribunal.

El examen que sigue sobre las normas legales vigentes sobre jurisdicción personal en casos de custodia de menores a la luz de los hechos de este caso, sostienen la determinación del tribunal de instancia.

## II

En asuntos de custodia de menores se ha adoptado en Puerto Rico la regla más abarcadora posible sobre el aspecto jurisdiccional. Dicha regla permite que los tribunales de Puerto Rico tengan jurisdicción para entender en casos de custodia en cualesquiera de las siguientes situaciones: (1) cuando se posee jurisdicción *in personam* sobre todas las partes o aún sobre una sola de éstas; (2) cuando el menor está domiciliado en Puerto Rico; (3) cuando éste está físicamente presente o tiene su residencia habitual en Puerto Rico; o (4) cuando es ciudadano o nacional de Puerto Rico. *Marrero Reyes v. García Ramírez,* 105 D.P.R. 90, 99 (1976)█ *Sterzinger v. Ramírez,* 116 D.P.R. 762, 790 (1985).

La doctrina tradicional sobre jurisdicción personal que requiere que el tribunal ejerza su autoridad sobre domiciliados en el foro, ha ido evolucionando para permitir el ejercicio de autoridad judicial sobre un demandado no domiciliado que tenga contactos mínimos suficientes con el foro. Nuestra jurisprudencia ha explicado los contactos mínimos, como el haber efectuado un acto afirmativo mediante el cual una parte deliberadamente se haya aprovechado de las ventajas que ofrece nuestro foro invocando los beneficios y la protección que brindan las leyes de Puerto Rico. *A.H. Thomas Co. v. Tribunal Superior,* 98 D.P.R. 883 (1970); *Medina v. Tribunal Superior,* 104 D.P.R. 346, 353-354 (1975).

A tenor de lo anterior, se enmendó la Regla 4.7 de las Reglas de Procedimiento Civil, 32 L.P.R .A. Ap. III, para establecer una guía sobre qué actos afirmativos de un no domiciliado constituirían contactos mínimos suficientes con el foro. Entre dichos actos se incluyó situaciones en que el demandado ausente efectuara transacciones de negocios dentro de Puerto Rico. En *Medina v. Tribunal Superior, supra,* págs. 356-357, se interpretó el término *"transacciones de negocios"* como que incluía gestiones relacionadas con el bienestar de los menores, tales como pensiones alimenticias, reglamentación de las relaciones paterno-filiales y custodia. Dicha interpretación, según el Tribunal Supremo, respondió al deseo de brindar mayor protección al legítimo interés del Estado en velar por el bienestar de los menores.

Además, bajo el *"Parental Kidnapping Prevention Act",* el estado con jurisdicción para hacer la determinación de custodia y asuntos relacionados al bienestar de un menor, es el estado residencia de éste al inicio del litigio. 28 U.S.C.A. sección 1738A (C) (2)(A)(i); *Ortega v. Morales Ortega,* ___ D.P.R. ___ (1992), **92 J.T.S. 135**, pág. 10000. En el caso de un niño menor de seis (6) meses, el estado residencia será aquél donde haya residido junto a uno de sus padres. 28 U.S.C.A. sección 1738A (b) (4).

En su fundamentada resolución, el tribunal de instancia aplica correctamente a los hechos

de este caso los principios legales antes enunciados, bajo el criterio de los mejores intereses del menor. Ante la determinación de que desde su nacimiento el menor había residido junto a su madre en Puerto Rico, el tribunal actuó correctamente al resolver que poseía jurisdicción sobre la materia del caso.

En cuanto a la jurisdicción *in personam,* los hechos sostienen actos afirmativos del señor Feo, suficientes para conferirle al tribunal puertorriqueño jurisdicción sobre su persona. Este admite en su recurso que vino a Puerto Rico en septiembre de 1994 a inscribir a su hijo en el Registro Demográfico.■ (Recurso de *certiorari,* pág. 4). Si bien no pudo lograr su cometido, pues la señora García Wirshing ya lo había inscrito, el hecho de su visita denota su clara intención de aprovecharse de los beneficios que ofrece la inscripción de un menor en el Registro Demográfico y por consiguiente, de la protección de nuestras leyes sobre asuntos de paternidad y relaciones paterno-filiales. Con la inscripción hacía público el hecho de su paternidad y le daba certeza a sus derechos como padre del menor.

En cuanto a la señora García Wirshing, los hechos también respaldan la jurisdicción sobre su persona. Ella dependía económicamente de sus padres. Desde principios de 1994 el padre de la señora García Wirshing hizo varias gestiones para obtener empleo permanente en Puerto Rico■ Notificó al correo en Florida su cambio de dirección y trajo su automóvil a la isla. Posteriormente, puso a la venta la propiedad en que residía con su familia en Florida y actualmente se encuentra trabajando en Puerto Rico. (Véanse las páginas 237-239, 250-260, 262-264 y 269-274 del Recurso). En otras palabras, quedó establecida la intención de la familia García Wirshing de domiciliarse en Puerto Rico. El hecho de que con posterioridad a la presentación de este litigio la señora García Wirshing se inscribiera como votante en Puerto Rico, cancelara su licencia de conducir de Florida y fuese admitida a cursar estudios en la Universidad del Sagrado Corazón, no es base suficiente para concluir que al momento de instar la demanda no había establecido ya su nuevo domicilio y residencia en Puerto Rico.

En conclusión, la decisión del tribunal de declarar sin lugar la moción de desestimación del señor Feo bajo el fundamento de que poseía jurisdicción sobre todas las partes y sobre la materia, está sustentada por la prueba que tuvo ante sí y es conforme a derecho.

## III
En atención a los fundamentos antes expuestos, se deniega la expedición del recurso solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 32**

1. En ese caso el Tribunal Supremo determinó que existía base jurisdiccional adecuada para resolver el caso en Puerto Rico, pues había jurisdicción *in personam* al menos sobre la parte recurrida.

2. Véase, además, el Exhibit M del Recurso, pág. 147.

3. El 3 de mayo de 1994 solicitó la posición de Secretario General del Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico, el 18 de marzo de 1993 solicitó la posición de Juez de Quiebras y el 14 de marzo de 1994 envió su resumé a un bufete de abogados en San Juan.